[No. A111109. First Dist., Div. Five. Jan. 18, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY THOMAS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part III.

**COUNSEL**

Solomon Wollack, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Rene A. Chacon and Jamie Michele Weyand, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GEMELLO, J.**—Larry Thomas appeals from his convictions for sexual offenses against four minors. Defendant contends that the trial court erred in

failing to sua sponte instruct the jury on Penal Code former section 803, subdivision (g), a statutory provision extending the limitations period for three counts of forcible sodomy.

In the published part of our opinion, we hold that where the information alleges facts that avoid the statute of limitations bar, defendant must raise the limitations issue in the trial court or it is forfeited. As to defendant's other contentions, we hold that the trial court was not required to submit the limitations extension issue to the jury under *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (*Apprendi*). We also hold that battery is a lesser included offense of lewd acts. In the unpublished part of our opinion we hold that there was substantial evidence to support the "substantial sexual conduct" allegation as to count three. We reverse the judgment of conviction on one lewd act count, affirm the remainder of the judgment, and remand.

## PROCEDURAL BACKGROUND

The Alameda County District Attorney filed an information in January 2004 charging defendant with 14 sex offenses against four minors. The charges included one count of sodomy of Andre Doe (Pen. Code, § 286, subd. (c)(1); count one);[1] four counts of lewd acts on Andre Doe (§ 288, subds. (a) & (c)(1); counts two through five); four counts of lewd acts on Delmont Doe (§ 288, subd. (c)(1); counts six through nine); two counts of lewd acts on Joseph Doe (§ 288, subd. (c)(1); counts ten and eleven); and three counts of forcible sodomy of Keith Doe (§ 286, subd. (c)(2); counts twelve through fourteen). With respect to the three counts of forcible sodomy of Keith Doe, the information alleged extension of the statute of limitations under former section 803, subdivision (g).

A jury found defendant guilty of counts one through three (sodomy of Andre and two counts of lewd acts on Andre); six, eight, and nine (lewd acts on Delmont); and eleven through fourteen (one count of lewd acts on Joseph and the three counts of sodomy of Keith). The trial court found true multiple-victim and substantial-sexual-conduct allegations associated with a number of the counts. The court sentenced defendant to a determinate prison term of 14 years eight months, followed by an indeterminate term of 15 years to life.

Defendant appeals the convictions on counts three, eight, nine, and eleven through fourteen.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

FACTUAL BACKGROUND

*Testimony of Keith Doe*

Keith Doe was the victim in counts twelve through fourteen, which occurred between September 1993 and September 1994.

From the time Keith was five or six years old, defendant helped raise him because his mother was in a residential drug treatment facility and his father was in prison. For about a year and a half, Keith lived with his grandmother but stayed with defendant on weekends, and he occasionally stayed for weeks at a time. Keith continued to visit defendant until he was in high school. Beginning a few weeks after Keith started spending nights at defendant's house, defendant raped Keith regularly on weekends for two or three years. Keith waited until defendant was in jail to tell his mother about the rapes because he was afraid that defendant might hurt him.

*Testimony of Andre Doe*

Andre Doe was the victim in counts one through three, which occurred in July and August 2001. Andre testified that when he was in elementary school he met defendant through Keith. At that time, Andre lived in a foster home around the corner from defendant's home. The summer before he started eighth grade, Andre moved in with defendant at defendant's suggestion. Keith came over nearly every weekend and the two other victims named in the information, Joseph and Delmont, also came over and occasionally spent the night.

Defendant raped Andre during Andre's first week in defendant's home when Andre had fallen asleep in defendant's bed after watching a movie. About two weeks after the rape, defendant called Andre into his bedroom and raped Andre again. About one week later, defendant rubbed his penis between Andre's inner thighs and ejaculated.

*Testimony of Delmont Doe*

Delmont Doe was the victim in counts six, eight, and nine, which occurred between December 2002 and March 2003. Delmont testified that when he was in the ninth grade he sometimes went to defendant's house to play with Andre. Once during a game of hide-and-seek, defendant approached Delmont and touched his bare chest for about five minutes. Another time, Delmont was asleep in the computer room when defendant climbed in bed with him and began touching his penis and his buttocks under his underwear. On a third occasion, defendant approached Delmont as he exited the bathroom in the

middle of the night and touched Delmont's "private parts" underneath his underwear. On a fourth occasion around March 2003, defendant approached Delmont as he played video games in the basement. Defendant touched Delmont's shoulder and Delmont, who did not want defendant to touch him, moved away.

*Testimony of Joseph Doe*

Joseph Doe was the victim in count eleven, which occurred in May 2003. Joseph testified that he met defendant through Andre when he was in the seventh grade. Once, when Joseph was playing video games at defendant's house, defendant rubbed Joseph's inner thigh with his hand. That same day, while Joseph washed dishes after dinner, defendant grabbed his buttocks and said "nice ass."

*Expert Testimony*

A licensed clinical social worker testified about child sexual abuse accommodation syndrome, in order to dispel myths about the way a victim of child sexual abuse might be expected to behave.

*Defense Case*

In interviews with the police, defendant denied touching the victims in a sexual manner.

The defense attempted to discredit the victims' testimony. The defense presented testimony that Andre had failed to report the rape in the past and that Andre had behavioral problems. Delmont admitted that when he gave a statement to the police he described only two of the four incidents he described at trial.

Another boy who spent time with defendant, DeAndre, testified that defendant never touched him inappropriately and that Andre encouraged him to lie about defendant.

DISCUSSION

### I. *Extension of the Statute of Limitations*

██ The crime of forcible sodomy (§ 286, subd. (c)(2)) is subject to a six-year statute of limitations. (§ 800.) ██ In January 2004, when the information was filed, former section 803, subdivision (g) allowed the prosecution of specified sexual offenses against minors to be commenced

within one year after the victim reported the crime to the police, even though the statute of limitations had otherwise expired, provided that "[t]he crime involved substantial sexual conduct" and there was "independent evidence that clearly and convincingly corroborates the victim's allegation."[2]

The information charged defendant with three counts of forcible sodomy of Keith, occurring in 1993 and 1994. As to each count, the information alleged that "pursuant to Penal Code section 803(G) . . . the statute of limitations has been extended." Defendant contends that the trial court erred in failing to instruct the jury to make the factual determinations necessary to extend the limitations period under former section 803, subdivision (g). We disagree.

### A. *Right to Jury Trial Under* Apprendi *and Its Progeny*

In *Apprendi, supra,* 530 U.S. at page 490, the United States Supreme Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Defendant contends that the applicability of former section 803, subdivision (g) had to be submitted to the jury because extension of the statute of limitations subjected him to punishment where it otherwise would have been barred.

The *Apprendi* rule is based on the criminal defendant's well-established entitlement to " 'a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.' " (*Apprendi, supra,* 530 U.S. at p. 477, quoting *United States v. Gaudin* (1995) 515 U.S. 506, 510 [132 L.Ed.2d 444, 115 S.Ct. 2310].) For purposes of this rule, the court rejected a distinction between elements and sentencing factors.

---

[2] Former section 803, subdivision (g) provided in pertinent part: "(1) Notwithstanding any other limitation of time described in this chapter, a criminal complaint may be filed within one year of the date of a report to a California law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section 261, 286, 288, 288a, 288.5, 289, or 289.5. [¶] (2) This subdivision applies only if both of the following occur: [¶] (A) The limitation period specified in Section 800 or 801 has expired. [¶] (B) The crime involved substantial sexual conduct . . . and there is independent evidence that clearly and convincingly corroborates the victim's allegation." (Stats. 2003, ch. 152, § 1.)

This provision was subsequently amended to require clear and convincing corroboration only where the victim was over 21 years old at the time the crime was reported. (Stats. 2004, ch. 368, § 2.) The provision was also moved to section 803, subdivision (f). (Stats. 2005, ch. 479, § 3.) The parties dispute whether the new version of the statute is applicable. We do not reach this issue because we conclude that defendant forfeited the statute of limitations issue and because we conclude there is no reasonable probability that the jury would have failed to find that the charges were clearly and convincingly corroborated by independent evidence. We assume that the applicable version of the statute is that in effect at the time the information was filed.

(*Apprendi*, at p. 494.) A sentencing factor which ascribes greater criminal culpability to a defendant's conduct "has significant implications both for a defendant's very liberty, and for the heightened stigma associated with an offense the legislature has selected as worthy of greater punishment." (*Id.* at p. 495.) As explained in *People v. Betts* (2005) 34 Cal.4th 1039, 1054 [23 Cal.Rptr.3d 138, 103 P.3d 883], "[a] fact that increases the maximum permissible punishment for a crime is the functional equivalent of an element of the crime, regardless whether that fact is defined by state law as an element of the crime or as a sentencing factor."

Defendant's contention that the former section 803, subdivision (g) limitations extension finding is an element or the "functional equivalent" of an element under *Apprendi, supra,* 530 U.S. 466 was rejected by the Third Appellate District in *People v. Linder* (2006) 139 Cal.App.4th 75, 84 [42 Cal.Rptr.3d 496], and the Fifth Appellate District in *People v. Riskin* (2006) 143 Cal.App.4th 234, 240–241 [49 Cal.Rptr.3d 287]. (See also *Renderos v. Ryan* (9th Cir. 2006) 469 F.3d 788.) We agree with *Linder* and *Riskin*.[3]

"The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions." (*Toussie v. United States* (1970) 397 U.S. 112, 114 [25 L.Ed.2d 156, 90 S.Ct. 858].) By providing for extension of the statute of limitations in certain circumstances, former section 803, subdivision (g) does not define the conduct constituting the underlying offense or establish the level of punishment applicable to the defendant's conduct. (*People v. Betts, supra,* 34 Cal.4th at p. 1054.) Rather, the section only "regulates the time at which child sexual abuse *defined and punished elsewhere in the Penal Code* may be charged." (*People v. Frazer* (1999) 21 Cal.4th 737, 760 [88 Cal.Rptr.2d 312, 982 P.2d 180], overruled on other grounds by *Stogner v. California* (2003) 539 U.S. 607, 609–610, 632–633 [156 L.Ed.2d 544, 123 S.Ct. 2446].) As *People v. Linder* concluded, "[a]lthough the right to maintain the action is an essential part of the final power to pronounce judgment, that right 'constitutes no part of the crime itself.' " (*People v. Linder, supra,* 139 Cal.App.4th at p. 84.)

Accordingly, we conclude the trial court did not have a duty under *Apprendi, supra,* 530 U.S. 466 to instruct the jury to decide the applicability of former section 803, subdivision (g).

---

[3] In each case, the trial court instructed the jury that the applicable burden of proof for the statute of limitations issue was preponderance of the evidence and, as to the corroboration requirement, proof by clear and convincing evidence. Both courts rejected the proposition that under *Apprendi, supra,* 530 U.S. 466 and its progeny, the People had to prove the applicability of the extension provision beyond a reasonable doubt. (*People v. Linder, supra,* 139 Cal.App.4th at pp. 81–82; *People v. Riskin, supra,* 143 Cal.App.4th at pp. 240–242.)

## B. *Forfeiture of the Statute of Limitations*

It is undisputed that the People pled the former section 803, subdivision (g) limitations extension for the three counts of forcible sodomy of Keith and that defendant did not request a jury instruction or otherwise raise the statute of limitations issue below. The People contend that defendant has forfeited his contention that prosecution of the charges was untimely; whereas defendant contends that under *People v. McGee* (1934) 1 Cal.2d 611 [36 P.2d 378] (*McGee*), the statute of limitations may be raised for the first time on appeal.

In *McGee, supra,* 1 Cal.2d 611, the court held that the statute of limitations is a jurisdictional matter that is not forfeited where the defendant fails to raise the issue below. The court reasoned that an information "which shows on its face that the prosecution is barred by limitations fails to state a public offense." (*Id.* at p. 613.) "[W]here the pleading of the state shows that the period of the statute of limitations has run, and nothing is alleged to take the case out of the statute . . . the power to proceed in the case is gone." (*Id.* at pp. 613-614.) The nonforfeiture rule flowed from the fundamental principle that subject matter jurisdiction cannot be conferred by a litigant's consent, waiver, or estoppel. (*People v. Chadd* (1981) 28 Cal.3d 739, 757 [170 Cal.Rptr. 798, 621 P.2d 837].)

In *Cowan v. Superior Court* (1996) 14 Cal.4th 367, 374 [58 Cal.Rptr.2d 458, 926 P.2d 438], the Supreme Court overruled *McGee, supra,* 1 Cal.2d 611 "to the extent it suggests a court lacks fundamental subject matter jurisdiction over a time-barred criminal action." *Cowan* declined to decide whether the statute of limitations is forfeited if a defendant fails to raise it before or at trial. (*Cowan,* at p. 374.)[4]

The Supreme Court confronted the issue in *People v. Williams* (1999) 21 Cal.4th 335 [87 Cal.Rptr.2d 412, 981 P.2d 42] (*Williams*). The defendant argued for the first time on appeal that the prosecution was time-barred. The information alleged that he committed the charged offense outside the limitations period and it contained no other facts or tolling allegations that made the prosecution timely. The court further refined the nonforfeiture rule, implicitly recognizing that after *Cowan*, lack of subject matter jurisdiction

---

[4] In *Cowan v. Superior Court, supra,* 14 Cal.4th 367, the defendant, facing timely capital charges, pled guilty to a time-barred lesser offense under a plea bargain and waived the statute of limitations on the lesser offense to avoid the capital charge. The *Cowan* court "adjusted [the] rationale" of older cases holding that the court lacked fundamental subject matter jurisdiction to proceed on a time-barred charge. *Cowan* distinguished those cases because the charging document did not include an offense that was timely filed and they did not confront facts where it was to a defendant's advantage to waive the statute of limitations. (*Cowan, supra,* 14 Cal.4th at p. 373.)

was no longer a viable rationale. (*Williams*, 21 Cal.4th at pp. 337–338, 340–341.) It rejected the invitation to create a new forfeiture rule, reasoning that "[c]reating a new forfeiture rule would be bad policy." (*Id.* at pp. 341–342.) The court held that *"when the charging document indicates on its face that the action is time-barred*, a person convicted of a charged offense may raise the statute of limitations at any time." (*Id.* at p. 341, italics added.)

We read *Williams, supra*, 21 Cal.4th 335 as containing a clear and intentional limitation on the scope of the nonforfeiture rule. *Williams* repeatedly emphasized that the action was untimely on the face of the information. (*Id.* at pp. 339, 341–342, 344–346.) "[T]he problem here is limited to those cases in which the prosecution files a charging document that, on its face, indicates the offense is time-barred. '[W]here the pleading of the state *shows that the period of the statute of limitations has run*, and nothing is alleged to take the case out of the statute, for example, that the defendant has been absent from the state, the power to proceed in the case is gone.' (*McGee, supra*, 1 Cal.2d at pp. 613–614, italics added.) *McGee* does not apply to an information that, as it should, either shows that the offense was committed within the time period or contains tolling allegations. Although, under our cases, defendants may not forfeit the statute of limitations if it has expired as a matter of law, they may certainly lose the ability to litigate factual issues such as questions of tolling." (*Williams*, at p. 344.)

*Williams*'s approval of *People v. Padfield* (1982) 136 Cal.App.3d 218 [185 Cal.Rptr. 903], confirms the limited scope of the nonforfeiture rule. In *Padfield*, the information alleged discovery of the crime within the limitations period. The defendant pled no contest and then asserted the statute of limitations on appeal. *Padfield* held the defendant had forfeited his right to contest the timeliness of the prosecution, reasoning that the *McGee* nonforfeiture rule was limited to cases where the accusatory pleading showed on its face that the action was untimely. " '[W]hen the pleading is facially sufficient, the issue of the statute of limitations is solely an evidentiary one. The sufficiency of the evidence introduced on this issue does not raise a question of jurisdiction in the fundamental sense.' " (*Williams, supra*, 21 Cal.4th at p. 345, quoting *Padfield*, at p. 226; see also *People v. Smith* (2002) 98 Cal.App.4th 1182, 1192 [120 Cal.Rptr.2d 185].)[5]

---

[5] At oral argument, defendant argued that *McGee* requires that the prosecution plead and *prove* that an action is timely in every case. It does not. (See *McGee, supra*, 1 Cal.2d at p. 613.) Defendant also argued that the trial court had a sua sponte duty to instruct on the statute of limitations under *People v. Lopez* (1997) 52 Cal.App.4th 233 [60 Cal.Rptr.2d 511] and *People v. Le* (2000) 82 Cal.App.4th 1352 [98 Cal.Rptr.2d 874]. Both cases hold that "the statute of limitations is a substantive matter which the prosecution must prove by a preponderance of evidence at trial *if the defense puts the prosecution to its proof.*" (*Le*, at pp. 1360–1362, italics added [discussing *Lopez*].)

■ *Williams* is inapplicable here because the charging document does not indicate on its face that the action was time-barred. The information alleged the former section 803, subdivision (g) limitations extension. Further, the principal policy considerations that persuaded the court to retain the nonforfeiture rule in *Williams* are inapplicable where the charging document is facially sufficient. First, *Williams* reasoned that the *McGee* nonforfeiture rule encourages parties to focus on the statute of limitations at the trial court level by requiring the prosecution to file a charging document that is not time-barred on its face, including any allegations that render the action timely. (*Williams, supra,* 21 Cal.4th at p. 345.) Here, the prosecution complied with that requirement by including in the information allegations rendering the action timely. Defendant had early and specific notice that the applicability of the former section 803, subdivision (g) limitations extension was at issue. Allowing defendant to raise the statute of limitations for the first time on appeal would be a disincentive for the parties to focus on the issue at trial, where an adequate factual record can be developed.

Second, *Williams* emphasized that to allow forfeiture where the charging document indicates the action is time-barred would be "an exercise in futility" because defendants would have meritorious claims of ineffective assistance of counsel and "[a] forfeiture rule would merely add a step to the litigation." (*Williams, supra,* 21 Cal.4th at p. 342.) In contrast, where the information is facially adequate due to an alleged extension of the limitations period, a defendant claiming ineffective assistance would have to show a reasonable probability of success on the factual issue to prevail. (See *People v. Stanfill* (1999) 76 Cal.App.4th 1137, 1150 [90 Cal.Rptr.2d 885].) As we discuss below, defendant was not prejudiced by counsel's failure to raise the statute of limitations and he does not have a meritorious claim of ineffective assistance of counsel.[6]

### C. *Prejudice Analysis*

Even if we were to hold the court erred by failing to sua sponte instruct the jury regarding former section 803, subdivision (g), we would find the error harmless under the state prejudice standard of *People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243] (*Watson*).

---

[6] We recognize that in justifying a forfeiture rule California courts often emphasize the potential for a defendant to tactically delay asserting a claim. (See, e.g., *People v. Simon* (2001) 25 Cal.4th 1082, 1104 [108 Cal.Rptr.2d 385, 25 P.3d 598] & fn. 15; *People v. Stanfill, supra,* 76 Cal.App.4th at pp. 1148–1149.) That "gamesmanship" justification is inapplicable here because, as *Williams* explained, defendants would have little to gain by delay in asserting a claim that a prosecution was barred by the statute of limitations. (*Williams, supra,* 21 Cal.4th at p. 346.)

Because we have concluded that the former section 803, subdivision (g) extension is not equivalent to an element under *Apprendi, supra*, 530 U.S. 466, we reject defendant's contention that the relevant prejudice standard is the more stringent standard of prejudicial error under *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824]. (*People v. Smith, supra*, 98 Cal.App.4th at p. 1193.)

Under the *Watson* standard, we reverse when there exists a reasonable probability the defendant would have received a more favorable outcome had the error not occurred based on the evidence as a whole. (*People v. Breverman* (1998) 19 Cal.4th 142, 178 [77 Cal.Rptr.2d 870, 960 P.2d 1094].) Defendant contends that the failure to instruct the jury regarding former section 803, subdivision (g) prejudiced him because the jury might have concluded there was no clear and convincing corroboration of Keith's allegations. The record contains abundant independent evidence from which the jury could find such corroboration.

The critical corroboration is the evidence that defendant committed sexual offenses against the three other victims. The jury found true beyond a reasonable doubt that Andre, Delmont, and Joseph were victims of defendant's sexual misconduct. Andre testified that defendant raped him twice and rubbed his erect penis between Andre's inner thighs until he ejaculated. Delmont testified that defendant twice touched his penis under his underwear. Joseph testified that defendant rubbed his inner thigh with his hand and grabbed his buttocks while saying "nice ass."[7]

■ Evidence of other sexual offenses committed by a defendant is uniquely probative to the former section 803, subdivision (g) corroboration determination. (*People v. Yovanov* (1999) 69 Cal.App.4th 392, 403–404 [81 Cal.Rptr.2d 586].) *Yovanov* explained, " 'Evidence of a prior sexual offense is indisputably relevant in a prosecution for another sexual offense.' [Citation.] In fact, it is precisely because such evidence is so highly probative that traditionally it has been subject to exclusion as improper character evidence in criminal trials. [Citation.] Recently, however, the 'Legislature has determined that the policy considerations favoring the exclusion of evidence of uncharged sexual offenses are outweighed in criminal sexual offense cases by the policy considerations favoring the admission of such evidence.' . . . [¶] . . . '[T]he Legislature [has] "declared that the willingness to commit a sexual offense is not common to most individuals; thus, evidence of any prior sexual offenses is particularly probative and necessary for determining the credibility of the witness." ' " (*Ibid.*) In *People v. Mabini* (2001) 92

---

[7] The jury convicted defendant of only one of the lewd acts on Joseph. The prosecutor did not specify which conduct related to which count. The uncertainty is not material to our analysis.

Cal.App.4th 654, 658–659 [112 Cal.Rptr.2d 159], the court held that evidence of the defendant's commission of an uncharged sexual offense against a different victim, standing alone, can be sufficient corroborating evidence for purposes of former section 803, subdivision (g).

Defendant argues that the probative value of other sexual offenses depends on such factors as the frequency of the other acts and their similarity and temporal proximity to the acts outside the limitations period. (*People v. Yovanov, supra,* 69 Cal.App.4th at p. 404.) The offenses against Keith occurred 10 years before the other charged conduct. At the time of the offenses Keith was five or six years old, while the other boys were 13 to 15 years old at the time they were victimized. The offenses against Delmont and Joseph were not as egregious as those against Keith.

Given the number of different victims and the similarity in Andre and Keith's allegations, it is not reasonably probable that the passage of time or age differences would have led the jury to conclude that Keith's allegations lacked clear and convincing corroboration. The various allegations of abuse shared a basic similarity in that all of the victims were young boys befriended by defendant and victimized while visiting his home. Andre testified to the same conduct alleged by Keith. Andre's testimony was particularly important because he, like Keith, actually lived with defendant for periods of time and, thus, was a more vulnerable target for abuse. Any error in failing to instruct the jury regarding former section 803, subdivision (g) was not prejudicial.

## II. *Battery As a Lesser Included Offense of Lewd Acts*

The jury found defendant guilty of committing lewd acts against Andre, Delmont, and Joseph (§ 288, subds. (a) & (c)(1); counts two, three, six, eight, nine, and eleven). Defendant argues that battery is a lesser offense necessarily included in the crime of lewd acts. He contends that as to counts eight, nine, and eleven (violations of § 288, subd. (c)(1)), the trial court had a sua sponte duty to instruct the jury on battery because there was substantial evidence to support a conviction on those counts of only that lesser offense. (*People v. Breverman, supra,* 19 Cal.4th at p. 162.)

"When, as here, the accusatory pleading describes a crime in the statutory language, an offense is necessarily included in the greater offense when the greater offense cannot be committed without necessarily committing the lesser offense." (*People v. Marshall* (1997) 15 Cal.4th 1, 38 [61 Cal.Rptr.2d 84, 931 P.2d 262].) Thus, battery is a lesser included offense of lewd acts only if it is impossible to commit the greater crime of lewd acts without also committing the lesser offense of battery. (*Ibid.*)

Section 288, subdivision (c)(1) prescribes lewd acts committed on a child of 14 or 15 years by a person at least 10 years older. A lewd act is

committed where a person "willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child . . . , with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child . . ." (§ 288, subd. (a).)
█ Section 242 defines battery as "any willful and unlawful use of force or violence upon the person of another." Any harmful or offensive touching satisfies the element of unlawful use of force or violence. (*People v. Pinholster* (1992) 1 Cal.4th 865, 961 [4 Cal.Rptr.2d 765, 824 P.2d 571].)

The People contend that battery is not a lesser included offense because the offense of battery requires "a touching of the victim" (*People v. Marshall, supra*, 15 Cal.4th at p. 38), while the offense of lewd acts does not require that the defendant touch the child's body. (See, e.g., *People v. Mickle* (1991) 54 Cal.3d 140, 175–176 [284 Cal.Rptr. 511, 814 P.2d 290]; *People v. Meacham* (1984) 152 Cal.App.3d 142, 154 [199 Cal.Rptr. 586], disapproved on another ground in *People v. Brown* (1994) 8 Cal.4th 746 [35 Cal.Rptr.2d 407, 883 P.2d 949]; *People v. Austin* (1980) 111 Cal.App.3d 110, 112–114 [168 Cal.Rptr. 401].)[8]

The rationale of these cases is that the touching necessary to violate section 288 may be done by the child victim at the defendant's instigation. *People v. Austin* relied on the common law principle that " 'one who caused a crime to be committed by an innocent agent was deemed guilty of the crime as a principal.' " (*People v. Austin, supra*, 111 Cal.App.3d at p. 114.) The principle is codified in section 31, which on its terms is equally applicable to all crimes.[9] *People v. Meacham* agreed with *Austin* but, rather than adopt the "innocent agent" rationale, *Meacham* reasoned that the victims' acts of touching their own genitalia at the defendant's instigation was a " 'constructive touching' " by the defendant himself. (*People v. Meacham, supra*, 152 Cal.App.3d at p. 153.) *Meacham* analogized to the burglary context where if an owner opens a door at the instigation of a burglar, the opening is deemed a constructive breaking. (*Id.* at p. 154.) In *People v. Mickle, supra*, 54 Cal.3d at page 176, the Supreme Court followed the reasoning of *Meacham* and held that the required touching can be "actual or constructive."

---

[8] The People do not dispute that any lewd act within the meaning of section 288 is necessarily a harmful or offensive touching. (See *People v. Martinez* (1995) 11 Cal.4th 434, 444 [45 Cal.Rptr.2d 905, 903 P.2d 1037] [§ 288 "assumes that young victims suffer profound harm whenever they are perceived and used as objects of sexual desire"].)

[9] Section 31 provides: "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, and all persons counseling, advising, or encouraging children under the age of fourteen years, lunatics or idiots, to commit any crime, or who, by fraud, contrivance, or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, or who, by threats, menaces, command, or coercion, compel another to commit any crime, are principals in any crime so committed."

The same logic holds true for the offense of battery: If a defendant compels the victim to touch himself or herself in a harmful or offensive manner, then the defendant would be guilty of battery under a constructive touching theory. This conclusion is not inconsistent with *People v. Marshall, supra,* 15 Cal.4th 1. *Marshall* held that "a battery cannot be accomplished without a touching of the victim." (*Id.* at p. 38.) *Marshall* did not consider whether the touching could be constructive. The court concluded that battery was not a lesser included offense of attempted rape because attempted rape could be committed without any touching of the victim whatsoever, such as where the defendant sought the victim's submission to a rape at gunpoint but the victim escaped "without having been touched." (*Id.* at p. 39.) Like battery, lewd acts requires "a 'touching' of the victim." (*People v. Martinez, supra,* 11 Cal.4th at p. 444; see also *People v. Austin, supra,* 111 Cal.App.3d at p. 113.) We perceive no basis to conclude that the touching can be constructive under section 288 but not under section 242. We conclude that battery is a lesser included offense of lewd acts.

We recognize that the court in *People v. Santos* (1990) 222 Cal.App.3d 723, 739 [271 Cal.Rptr. 811], recited that battery is *not* a lesser included offense of lewd acts. The issue in *Santos* was whether battery was a lesser *related* offense on the facts of the case, and the court concluded it was a lesser related offense. (*Id.* at pp. 739–740.) *Santos* recited, without citation to authority or analysis, that "since battery (§ 242) is not a lesser included offense to the offenses charged in this case, the trial judge was not obliged to give the instruction sua sponte." (*Id.* at p. 739.) We cannot agree.

*Prejudice Analysis*

The trial court had a sua sponte duty to instruct the jury on the offense of battery unless there was no substantial evidence from which a reasonable jury could conclude that defendant committed the lesser offense of battery but not the greater offense of lewd acts. (*People v. Breverman, supra,* 19 Cal.4th at p. 162.)

The evidence supporting count eight was Delmont's testimony that defendant got into bed with him and began touching him under his boxer shorts. Defendant admitted during a police interview that he once touched Delmont's buttocks while Delmont was in bed in order to wake him up. Defendant denied that he felt sexually aroused by the incident and denied ever touching Delmont underneath his boxer shorts. Even if it was error not to instruct on battery, the error was not prejudicial. (See *People v. Breverman, supra,* 19 Cal.4th at pp. 177–178 [duty to instruct and prejudice are separate issues].) In

light of the evidence of defendant's other sexual offenses against Delmont and the other boys, it is not reasonably probable that the jury would have accepted defendant's account over Delmont's and concluded that the incident was merely an offensive touching rather than a lewd act within the meaning of section 288.

The evidence supporting count nine was Delmont's testimony that defendant once came into the basement while he was playing a video game and touched his shoulder, causing Delmont to pull away. Defendant's purpose in committing that particular touching was critical to determining his guilt under section 288. (*People v. Martinez, supra,* 11 Cal.4th at p. 444.) The trial court erred in not instructing on battery because a reasonable jury could have concluded that the touching was offensive to Delmont in light of defendant's other conduct, but that it was not committed with intent to gratify defendant's sexual desires. In light of the objectively nonsexual nature of the act, it is reasonably probable that a jury would have convicted Thomas of battery on that count. The conviction on count nine must be reversed.

Joseph was the victim in counts ten and eleven. Joseph testified to two incidents. The first incident occurred when Thomas placed his hand on Joseph's thigh and rubbed it. The second incident occurred later that night while Joseph was washing dishes. Thomas grabbed his buttocks and said "nice ass." The prosecutor did not specify which conduct related to which count, so we do not know what conduct underlies the count ten acquittal and what conduct underlies the count eleven conviction. Since both parties assume that count eleven is associated with the buttocks-grabbing incident, we do the same and conclude that the trial court did not err in failing to instruct on the offense of battery. The fact that the touching was accompanied by a sexual comment is evidence that it was committed with intent to gratify defendant's sexual desires. In light of the evidence of defendant's other sexual offenses against the other boys, no reasonable jury could have concluded that the incident was merely an offensive touching rather than a lewd act within the meaning of section 288. (*People v. Breverman, supra,* 19 Cal.4th at p. 162.)

III. *Substantial Sexual Conduct*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[*]See footnote, *ante,* page 1278.

## DISPOSITION

The judgment is reversed as to count nine, affirmed in all other respects, and remanded for resentencing.

Jones, P. J., and Bruiniers, J.,[*] concurred.

Appellant's petition for review by the Supreme Court was denied April 25, 2007, S150479.

---

[*]Judge of the Superior Court of Contra Costa County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.