Opinion
CHIN, J.
We must decide whether battery is a lesser and necessarily included offense of lewd and lascivious conduct with a child under 14 years of age (hereafter referred to as lewd conduct). We conclude it is not.
I. Factual and Procedural Background
On October 17, 2007, defendant Thomas Raymond Shockley attended a family gathering in Modesto to celebrate victim Jane Doe’s 10th birthday. *403 Jane, the stepdaughter of defendant’s adult daughter, was not biologically related to defendant, but Jane often called him “grandpa.” When Jane was alone at the computer, defendant kissed her on the lips and stuck his tongue in her mouth.
Two days later, as a birthday present to Jane, defendant took Jane and her nine-year-old stepsister (defendant’s biological granddaughter) to the movies. On the drive home, Jane sat between defendant and her stepsister in the front seat. After Jane took off her sweatshirt, defendant began mbbing her bare stomach, near her belly button, with his hand. When Jane asked defendant if she could steer the car, defendant told her to put her leg over his leg. Defendant mbbed Jane’s genital area with his hand through her clothes for about five minutes. After giving her stepsister a worried look, Jane asked to switch seats with her.
When they got home, Jane told her stepsister what had happened in the car. She also told her father, who later called police. Modesto Police Officer Scott Nelson interviewed defendant. Defendant admitted mbbing Jane’s stomach and poking her belly button. He said “his girlfriend would do the same thing to him just for fun.” He denied mbbing Jane’s genital area. Defendant said Jane could have thought he kissed her with his mouth open because at the theater, he spilled soda on his mouth and was licking the soda off with his tongue when Jane leaned over and kissed him. Defendant also thought that Jane might have said those things about him because she had had large coffee drinks after the movie, and the caffeine might have affected her thinking.
A jury found defendant guilty of lewd conduct under Penal Code section 288, subdivision (a) (section 288(a)). On appeal, he argued that the trial court had a sua sponte duty to instmct the jury on battery under Penal Code section 242 (section 242) as a lesser and necessarily included offense of lewd conduct. The Court of Appeal disagreed and affirmed the judgment. We granted defendant’s petition for review.
II. Discussion
A trial court has a sua sponte duty to “instmct on a lesser offense necessarily included in the charged offense if there is substantial evidence the defendant is guilty only of the lesser.” (People v. Birks (1998) 19 Cal.4th 108, 118 [77 Cal.Rptr.2d 848, 960 P.2d 1073].) Substantial evidence in this context is evidence from which a reasonable jury could conclude that the defendant committed the lesser, but not the greater, offense. (People v. Ochoa (1998) 19 Cal.4th 353, 422 [79 Cal.Rptr.2d 408, 966 P.2d 442].) “The mle’s purpose is ... to assure, in the interest of justice, the most accurate possible verdict encompassed by the charge and supported by the evidence.” (People v. *404 Breverman (1998) 19 Cal.4th 142, 161 [77 Cal.Rptr.2d 870, 960 P.2d 1094].) In light of this purpose, the court need instruct the jury on a lesser included offense only “[w]hen there is substantial evidence that an element of the charged offense is missing, but that the accused is guilty of’ the lesser offense. (People v. Webster (1991) 54 Cal.3d 411, 443 [285 Cal.Rptr. 31, 814 P.2d 1273].)
To determine if an offense is lesser and necessarily included in another offense for this purpose, we apply either the elements test or the accusatory pleading test. “Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former. Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former.” (People v. Reed (2006) 38 Cal.4th 1224, 1227-1228 [45 Cal.Rptr.3d 353, 137 P.3d 184].) In this case, because the information charging defendant with lewd conduct simply tracked section 288(a)’s language without providing additional factual allegations, we focus on the elements test. (People v. Anderson (1975) 15 Cal.3d 806, 809 [126 Cal.Rptr. 235, 543 P.2d 603].)
Under section 288(a), “any person who willfully and lewdly commits any lewd or lascivious act. . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . .” “Any touching of a child under the age of 14 violates this section, even if the touching is outwardly innocuous and inoffensive, if it is accompanied by the intent to arouse or gratify the sexual desires of either the perpetrator or the victim.” (People v. Lopez (1998) 19 Cal.4th 282, 289 [79 Cal.Rptr.2d 195, 965 R2d 713].) By focusing on the defendant’s intent to sexually exploit a child rather than on the nature of the defendant’s offending act, section 288 “assumes that young victims suffer profound harm whenever they are perceived and used as objects of sexual desire.” (People v. Martinez (1995) 11 Cal.4th 434, 444 [45 Cal.Rptr.2d 905, 903 P.2d 1037].)
“A battery is any willful and unlawful use of force or violence upon the person of another.” (§ 242.) “Any harmful or offensive touching constitutes an unlawful use of force or violence” under this statute. (People v. Martinez (1970) 3 Cal.App.3d 886, 889 [83 Cal.Rptr. 914], quoted in People v. Pinholster (1992) 1 Cal.4th 865, 961 [4 Cal.Rptr.2d 765, 824 P.2d 571].) “It has long been established that ‘the least touching’ may constitute battery. In other words, force against the person is enough; it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave a mark.” (1 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Crimes *405 Against the Person, § 13, p. 804; see People v. Rocha (1971) 3 Cal.3d 893, 899, fn. 12 [92 Cal.Rptr. 172, 479 P.2d 372].)
Without analysis, the court in People v. Santos (1990) 222 Cal.App.3d 723, 739 [271 Cal.Rptr. 811], stated that battery is not a lesser included offense of lewd conduct. In People v. Thomas (2007) 146 Cal.App.4th 1278, 1291-1293 [53 Cal.Rptr.3d 473], the court disagreed with Santos and held that battery is a lesser included offense of lewd conduct. It rejected the People’s argument that lewd conduct does not require an actual touching but battery does. It also noted that the “. . . People do not dispute that any lewd act within the meaning of section 288 is necessarily a harmful or offensive touching.” (Thomas, supra, at p. 1292, fn. 8, citing People v. Martinez, supra, 11 Cal.4th at p. 444.) We must resolve the conflict between these cases.
In this case, the People do dispute that a lewd act is necessarily a harmful or offensive touching, as battery requires. They argue that “a lewd act with a child does not always involve touching the victim in a harmful or offensive manner.” Defendant argues to the contrary that touching a child with lewd intent is inherently harmful and objectively offensive, and, accordingly, every touching that satisfies the elements of section 288(a), because done with lewd intent, necessarily is harmful or offensive for purposes of the battery statute. (Citing J. C. Penney Casualty Ins. Co. v. M. K. (1991) 52 Cal.3d 1009, 1026 [278 Cal.Rptr. 64, 804 P.2d 689].)
We need not resolve this point. If we were to agree with defendant, that would mean this form of battery (where lewd conduct supplies the required harmful or offensive touching) is not a lesser and included offense of lewd conduct but is essentially the identical offense. If guilt of battery is predicated on guilt of lewd conduct—i.e., if a person is guilty of battery because that person committed lewd conduct—neither crime would have an element not also required of the other. Substantial evidence could never exist that an element of the lewd conduct offense is missing but that the defendant is guilty of battery as a lesser included offense. (See People v. Webster, supra, 54 Cal.3d at p. 443.) A jury could never find the defendant not guilty of lewd conduct (perhaps because of the lack of lewd intent), but guilty of battery, without finding some other element of battery not included within lewd conduct. Accordingly, even under defendant’s argument, the court would never have to instmct on battery as a lesser included offense of lewd conduct.
One can easily commit battery without also committing lewd conduct, as when a person touches a child nonconsensually and harmfully but without lewd intent. In this situation, an element of the battery, the unwanted use of force, would not be included within the elements of lewd conduct. It would be a distinct requirement. For this reason, in a given case, the prosecutor *406 might choose to charge a defendant with both lewd conduct and battery. If the touching of a child was nonconsensual and harmful, and thus a battery for reasons unrelated to any lewd intent, and if the evidence of lewd intent, although sufficient to go to a jury, was ambiguous enough that a jury might not find that intent, the prosecution might want to charge both lewd conduct and battery. The prosecution would have discretion to charge both crimes if it believed the facts warranted both charges. (See People v. Eubanks (1996) 14 Cal.4th 580, 589 [59 Cal.Rptr.2d 200, 927 P.2d 310].) If both crimes are charged, and depending on how it viewed the facts, the jury could find the defendant guilty of both crimes if it found the elements of each had been proven, or of either one, or of neither.
In response to the concurring and dissenting opinion, we merely conclude that when the elements of two offenses are essentially identical, as when guilt of battery would be predicated on being guilty of lewd conduct, neither is a lesser and included offense of the other. The concurring and dissenting opinion argues that if only lewd conduct is charged, and the jury finds no lewd intent, it should be permitted to convict the defendant of battery if it finds an offensive touching on some basis other than lewd intent. However, “[a] criminal defendant must be given fair notice of the charges; against him in order that he may have a reasonable opportunity properly to prepare a defense and avoid unfair surprise at trial.” (People v. Anderson, supra, 15 Cal.3d at p. 809.) Convincing the jury there was no lewd intent would be a complete defense to a lewd conduct charge. Charging only lewd conduct would not provide the defendant with notice of the need to defend additionally against a battery charge based on an offensive touching not included within the elements of lewd conduct.
For these reasons, battery is not a lesser included offense of lewd conduct. Accordingly, if only lewd conduct is charged, the trial court has no duty to instruct on battery as a lesser included offense. Of course, if both lewd conduct and battery are charged, the court would have to instruct on battery, but that would be as a separately charged offense, and not as a lesser included offense.
III. Conclusion
We affirm the judgment of the Court of Appeal. We also disapprove People v. Thomas, supra, 146 Cal.App.4th 1278, to the extent it is inconsistent with this opinion.
Cantil-Sakauye, C. J., Baxter, J., Corrigan, J., and Liu, J., concurred.