Filed 1/9/14  P. v. Borbon CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062520 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN267969) |
| RICARDO BORBON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Boyce & Schaefer and Laura G. Schaefer for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Kristine Gutierrez and Laura A. Glennon, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Ricardo Perez Borbon of three counts of lewd acts upon a child. (Pen. Code,[1] § 288, subd. (a).)  The court found true three serious/violent felony prior

---

[1]   All further statutory references are to the Penal Code unless otherwise specified.

convictions (§ 667, subds. (b)-(i)), one prison prior (§ 667.5, subd. (b)) and one serious felony prior conviction (§ 667, subd. (a)(1)). Borbon was sentenced to a total indeterminate term of 80 years to life.

Borbon contends the trial court erred in failing, sua sponte, to instruct on misdemeanor battery as a lesser included offense of the lewd act counts as charged in section 288, subdivision (a). Since the briefing was completed the California Supreme Court has definitively resolved the issue, finding that battery is not a lesser included offense of the crime of a lewd act upon a child. (*People v. Shockley* (Dec. 26, 2013, S189462) \_\_\_ Cal.4th \_\_\_ [2013 Cal. LEXIS 10616] (*Shockley*).) Accordingly, we will reject Borbon's single challenge to his convictions and sentence.

STATEMENT OF FACTS

Borbon does not challenge the admissibility or the sufficiency of the evidence which supports his convictions. Accordingly a full exposition of the facts is unnecessary. We have determined the Respondent's summary of the facts is appropriate and thus set it out in this section.

On August 17, 2009, Elsie, a nine year old, accompanied her stepfather, Kurt Sandoval, to the Mission Number One Smog Shop in Escondido. They went there to fix Sandoval's mother's car. Sean Wiggins, a friend of Sandoval, also arrived at the shop. Wiggins positioned himself underneath the dashboard of the car in order to disable a faulty alarm.

Elsie was standing outside of the car when she was approached by appellant. Elsie, wearing a flowery skort and short sleeved sweater, was in a position outside the car

2

which permitted appellant to block her from leaving. Appellant asked her name, but eventually walked away, permitting Elsie to get into the same car where Wiggins was working. Elsie was sitting in the passenger's seat when appellant appeared and spoke to her through the open passenger window. Appellant again asked her name. Elsie responded, but appellant, in broken English, mispronounced her name as "Austin." Appellant then touched her short-length hair, and tugged on her sweater. Numerous times, appellant interlocked his fingers with Elsie's, and squeezed her hand. While Elsie did not like appellant's actions, she felt like she was unable to tell him to stop and leave.

Elsie then moved to the other side of the car, but appellant appeared there as well, and again touched her hair, and pulled on her sweater. Appellant told her, "You're a pretty girl." Elsie then moved to the backseat of the car, and eventually appellant left.

At the request of Sandoval, Elsie went into the office part of the smog shop and sat at a table. No one was in the office at this time. However, at one point, appellant appeared. Appellant asked Elsie whether she had a boyfriend, to which she responded she did not. Appellant informed Elsie that he had a girlfriend, but they do not kiss a lot. Appellant then made a motion to Elsie indicating he wanted her to spread her legs for him. As he made this motion, appellant was staring at Elsie's vagina. Elsie did not do as he requested and appellant came over and sat next to Elsie. He then used one hand to move Elsie's legs apart. Appellant continued to concentrate on Elsie's vagina, and asked her if he could "touch it." Elsie told him no. At one point, appellant requested that Elsie lift her skort up. Appellant then briefly left, but returned, and patted her thigh twice, and with his finger touched her vagina over her clothing.

3

Elsie did not tell anyone what had occurred. When she arrived home later that day, Elsie spoke to Sandoval's mother, whom she refers to as her grandmother. Elsie asked her grandmother if she remembered instructing Elsie to tell her if anyone touched Elsie in an inappropriate manner. When her grandmother responded affirmatively, Elsie told her appellant touched her while she was at the smog shop. As a result, Detective John Myers began an investigation, and discovered appellant had a tracking bracelet attached to his ankle on the day he contacted Elsie. The tracking device displayed appellant was indeed at the smog shop at the same time Elsie was there.

Subsequent to August 17, 2009, appellant cut off the tracking bracelet, and fled to Mexico. However, Myers located appellant and transported him back to the Escondido Police Department on September 7, 2011. Appellant was then interviewed by police, wherein he admitted that he spoke to a little girl at the smog shop, asked her if she had a boyfriend, and to separate her legs. Appellant was adamant that he never touched her. However, appellant wavered that he would touch Elsie, but insisted that he never inserted his finger.

*Appellant's Prior Acts*

On September 13, 1998, appellant was performing tile work in the home of Shawn Tierney. Tierney had a daughter named Megan, who was eight years old at the time. While Megan was exiting her bedroom, appellant grabbed her. Appellant then touched the front of her body, and then rubbed his penis on her butt, and all over her back. Appellant also kissed her cheek and her hand, and told her she was a sweet girl.

4

In the summer of 1999, appellant was hired by the family of Brittany Decasin to perform concrete work in the backyard of their Chula Vista home. One day while appellant was in the backyard, Brittany was in the Jacuzzi. At one point, appellant reached into the Jacuzzi and into Brittany's bathing suit, touching her vagina. On another occasion, appellant approached Brittany in the garage of the home, touched her vagina, and rubbed his bare penis against her stomach area.

*Defense Evidence*

Michael Gomez was working at the smog shop on the same day appellant contacted Elsie. Gomez testified that appellant was the maintenance man for the shop, and while Gomez remembered appellant being present at the shop that day, he only recalled seeing him at his truck outside the shop, and did not see him again that day.

Appellant testified he is 74, and was living next to the smog shop on August 17, 2009. Appellant admitted he remembered seeing Elsie that day. Appellant stated he did tell Elsie she was a pretty girl, and that when she was in the car, he did grab her hand. However, he claimed he did not touch her hair or her shoulder. While appellant testified he did motion to Elsie to spread her legs, he never touched her. On cross-examination, appellant contended he was not sexually attracted to Elsie, but was drawn to her because of her charisma and congeniality. Yet, appellant admitted he liked to touch little girls' vaginas, and would have dreams about doing so. Appellant then testified he did in fact touch Brittany's vagina, and was sentenced to eight years in prison as a result.

DISCUSSION

Borbon contends the trial court erred in failing, on its own motion, to instruct that simple battery was a lesser included offense for the three counts of lewd acts upon a child. The Respondent argues that the issue has been forfeited by the defense in declining to have any instruction on lesser included offenses, and that on the merits battery is not a lesser included offense of the charged crimes.

## A. Background

Following the court's conference on jury instructions, the court inquired of defense counsel about further appropriate jury instructions. The court said:

> "The Court: [Defense Counsel], I haven't put this on the record, although we had discussions about it, and that is you did not wish to have any lesser included offenses given or any attempts given, even though I think probably a version of the evidence could result in that. Is that a decision you've made as a tactical trial decision, so you are not, among other things, called to argue conflicting theories?"

Defense counsel responded:

> "[Defense Counsel]  It is.  Yes.  It is.  Yes.  I specifically am not asking for [a lesser included offense] of count one because even the [lesser offense] given the status of the law, a felony conviction given the priors, I don't think it's wise to do that.  I appreciate that opportunity."

Consistent with the foregoing discussion the court did not give any lesser included offense instructions.

B.  Analysis

First, we will exercise our discretion and decline to treat the issue as having been forfeited.  The question before us clearly is a matter of law, which has now been resolved by the state's high court.  Thus, we will proceed to the merits of Borbon's contention.

Where there is evidence from which a jury could reasonably find the defendant guilty of a lesser offense, the trial court is obliged to give the jury appropriate instructions.  (*People v. Birks* (1998) 19 Cal.4th 108, 117-118.)  In determining whether an offense is necessarily included in the charged offense, courts look at the elements of the charged offense, unless the accusatory pleading has alleged facts which would include the lesser crime within the charged offense.  (*People v. Parson* (2008) 44 Cal.4th 332, 349.)

As of the time of the briefing in this case the appellate courts were divided on the question of whether, as a matter of law, one cannot commit a lewd act upon a child without also committing a simple battery.  (*People v. Santos* (1990) 222 Cal.App.3d 723, 739; *People v. Thomas* (2007) 146 Cal.App.4th 1278, 1293.)

Since the briefing was completed in this case the Supreme Court decided *Shockley*, *supra*, ___ Cal.4th ___ [2013 Cal. LEXIS 10616].  There the court resolved the conflict among the appellate courts.  The court stated unequivocally that simple battery is not a lesser included offense of lewd acts upon a child as defined in section 288, subdivision (a).  In our view, the high court's decision ends the analysis.

First, we are bound to follow the decisions of the Supreme Court.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  In addition, the pleadings in

7

this case do not allege any facts or actions outside the basic elements of the charged offenses. Accordingly, the decision in *Shockley, supra*, ___ Cal.4th ___ [2013 Cal. LEXIS 10616] compels the conclusion that the trial court had no duty to give a lesser included offense instruction in this case.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.

8