Filed 11/24/14  P. v. Orduno CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039421 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1100431) |
| v. | |
| JORGE GONZALES ORDUNO, | |
| Defendant and Appellant. | |

Defendant Jorge Gonzales Orduno appeals a judgment of conviction following jury trial.  He was convicted of four counts of aggravated sexual assault on a child under the age of 14 (Pen. Code, § 269),[1] six counts of committing a lewd and lascivious act on a child by force, violence, duress, menace, or fear (§ 288, subd. (b)(1)), and four counts of committing lewd or lascivious acts on a child (§ 288, subd. (a)).

On appeal, defendant asserts that because the alleged conduct for counts 11 through 14 occurred more than 20 years ago, the trial court erred by not instructing the jury that corroborating evidence was necessary to find him guilty.

---

[1] All further statutory references are to the Penal Code.

## STATEMENT OF THE FACTS AND CASE

This case involves sexual abuse of two separate victims over a period of years. Counts 1 through 10 involved defendant's daughter, M.D., and counts 11 through 14 involved defendant's step-sister, J.D.

### *Counts 1 Through 10 - Victim M.D.*

When she was 19 years old, defendant's daughter, M.D., went to the San Jose Police Department to report that she had been physically abused and sexually molested as a child by defendant. M.D. told the police that she did not report the abuse earlier because defendant threatened that if she told anyone about the molestations she would never see her mother again. M.D. decided to go to the police when she was 19 years old because defendant came to her house to see her daughter, and M.D. was afraid that defendant would molest her.

M.D. told police that defendant began molesting her around the time she was five years old. Defendant would touch her vagina and breasts, digitally penetrate her vagina, and penetrate her vagina with his penis. M.D. would attempt to resist defendant by trying to push him away and/or kicking him or yelling at him to stop. He would push her back or tell her "to shut up or put his hand on [her] mouth." He also repeatedly held her down to prevent her from resisting.

Defendant eventually stopped molesting M.D. when she was 10 or 11 years old and in the seventh grade, because she told defendant that if he did not stop, she would tell the police or a teacher.

After M.D. reported the molestations to police, they asked her to make a "pretext call" to defendant. During her conversation with defendant, M.D. asked defendant why he molested her, and defendant admitted he had "fucked up." Defendant also told M.D. he did not "want to remember," referring to the molestation.

2

### *Counts 11 Through 14 - Victim J.D.*

Appellant's step-sister, J.D. who is nine years younger than he, stated that when she was in the first grade, defendant began to touch her sexually and that this would happen often.  By the time J.D. was in the second grade, "it was happening all the time." Defendant would touch her genitals over her underwear, digitally penetrate her vagina, and place J.D.'s hands on his penis and then control her hands with his hands until he ejaculated.  J.D. said that defendant continued to molest her regularly until she was 11 years old.

J.D. stated that she never reported defendant's molestation to her mother because defendant told her if she did so, her mother would have a heart attack and die.  When she eventually told her mother about the molestations when she was 15 or 16 years old, J.D.'s mother sided with defendant and did not believe her.

When J.D. was in third or fourth grade, defendant walked into a room where J.D. was sitting on a couch with defendant's father, Francisco Gonzalez.  At the time, J.D. had her hand inside Francisco's pants.  Defendant told J.D. to go outside and asked her, "'Does my dad touch you?'" J.D. responded, "[y]es," and defendant asked her, "'Does he touch you like I touch you?'"

In January 1992, J.D. told a school nurse that her stepfather, Francisco Gonzalez Martinez, had sexually molested her when she was four years old.  The authorities were notified and Jessica was placed in protective custody.

Defendant was charged by information in 2011 with aggravated sexual assault on a child under 14 (Pen. Code, § 269; counts 1-4), lewd or lascivious act on a child by force, violence, duress, menace or fear (§ 288, subd. (b)(1); counts 5-10); non-forcible lewd or lascivious acts on a child (§ 288, subd. (a); counts 11-14).  The information also alleged an enhancement based on the fact that defendant committed the acts alleged in counts 5 through 10 against multiple victims (§667.61, subds. (b) & (e)).

The information alleged that counts 11 through 14 occurred between January 1, 1988 and June 10, 1991. The alleged victim in these counts, J.D., was 34 years old at the time of trial.

Defendant was tried by a jury in 2012. During trial, the prosecution presented propensity evidence of uncharged molestation of defendant's nephew, E.D., under Evidence Code section 1108. E.D. testified that when he was in kindergarten, defendant began touching him "in a sexual way." This conduct continued for about two years. During that two-year period, appellant repeatedly fondled E.D.'s genitals, groped him, orally copulated him, and/or pulled down his pants and inserted his erect penis inside E.D.'s buttocks.

The jury convicted defendant of all 14 counts alleged in the information. The court sentenced appellant to state prison for a total term of 90 years to life, plus 14 years for the multiple victim enhancement.

### DISCUSSION

Defendant argues that the court erred in failing to instruct the jury that corroborating evidence was necessary in order to find him guilty of the counts 11 through 14 that related to the victim, J.D. Specifically, defendant asserts the court should have instructed the jury that it needed to find clear and convincing evidence that testimony regarding those counts was corroborated, because the allegations supporting those counts were more than 20 years old.

The statute of limitations for sex offenses is six years. (§ 800) However, an exception to this general rule is set forth in section 803, subdivision (g), which allows prosecution of specified sexual offenses beyond the statute of limitations if the filing occurs within one year of the victim's report to law enforcement, the crime involves substantial sexual conduct, and there is independent evidence that clearly and convincingly corroborates the victim's allegations.

4

Here, the jury was not instructed that J.D.'s allegations to support counts 11 through 14 needed corroborating evidence. The jury was instructed with CALCRIM No. 301: "The testimony of only one witness can prove any fact. Before you conclude that the testimony of one witness proves a fact, you should carefully review all the evidence." This is an accurate instruction in general, but with regard to counts 11 through 14, there is a predicate requirement that there exist independent corroborating evidence for the statute of limitations extension to apply. (§ 803, subd. (f)(2)(C).)

Defense counsel did not request a corroborating instruction at trial, but did argue to the jury that the molestation allegations lacked corroboration. Citing *People v. Thomas* (2007) 146 Cal.App.4th 1278, 1281-1282 (*Thomas*) (disapproved on other grounds in *People v. Shockley* (2013) 58 Cal.4th 400), the Attorney General asserts defendant's failure to request the instruction waived his right to raise it on appeal. Defendant asserts he did not waive the issue for the purpose of appeal, because his counsel argued that the allegations of the molestation were false, and that they lacked corroboration.

Defendant argues that regardless of whether he raised the issue at trial, the court had a sua sponte duty to instruct the jury that corroboration was required for counts 11 through 14. However, based on our review of the evidence presented at trial, we find that even if instructional error occurred, defendant's convictions here must be affirmed because court's alleged error was harmless under *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*).[2]

---

[2] We do not apply the more stringent standard for prejudicial error under *Chapman v. California* (1967) 386 U.S. 18, because instructional error regarding corroboration is not equivalent to an element under *Apprendi v. New Jersey (2000)* 530 U.S. 466. (See *Thomas, supra,* 146 Cal.App.4th at pp. 1289–1291.)

Under *Watson,* we examine the "entire cause, including the evidence" and determine whether it is " 'reasonably probable' defendant would have obtained a 'more favorable' outcome had the instructional error not occurred." (*People v. Moye* (2009) 47 Cal.4th 537, 541.)

Here, there was ample evidence of additional molestation in the form of the uncharged sexual conduct against E.D. to satisfy the corroboration requirement of section 803, subdivision (f)(2)(C). Evidence of similar sexual misconduct against an uncharged victim, standing alone, can constitute sufficient corroboration for purposes of section 803, subdivision (f)(2)(C). (*People v. Mabini* (2001) 92 Cal.App.4th 654, 659 (*Mabini*); see also *People v. Ruiloba* (2005) 131 Cal.App.4th 674, 683 ["Evidence of a person's propensity to do what the victim has alleged corroborates the victim's allegation. [Citation.] Further, the corroboration does not have to be sufficient to support a *conviction.*"].) Here, the prosecutor introduced evidence of uncharged sexual conduct involving defendant and his nephew when his nephew was in kindergarten, and continuing for two years. Although E.D. was a boy and J.D. was a girl at the time that defendant is alleged to have molested them, defendant's conduct toward them, both in their ages at the time of the abuse and the sexual acts that occurred, was strikingly similar.

Moreover, in addition to the uncharged conduct involving E.D., which alone provides corroboration of J.D.'s testimony (*Mabini*, *supra*, 92 Cal.App.4th at p. 659), there was also corroborating evidence in the form of defendant's molestation of M.D. Here, the jury convicted defendant of 10 counts of molestation as to M.D., a victim that did not require corroboration. (See *Thomas, supra,* 146 Cal.App.4th at p. 1290 [the court concluded that critical corroboration was the evidence that defendant committed sexual offenses against three other victims besides the victim that required corroboration. The fact that the jury found true beyond a reasonable doubt that the three other victims were

6

also molested by the defendant was sufficient corroboration of the additional victim's testimony].) In addition, defendant's abuse of all three children in this case was similar in many respects. All three victims were related to defendant, and he was in a position to care for them. With regard to M.D. and J.D., defendant forced them to submit to his sexual behavior through threats, and ensured their silence would be maintained through threats of future consequences.

In this case, the court's failure to instruct the jury sua sponte on the need for corroboration, even if error, was harmless because it is not reasonably probable defendant would have obtained a better outcome had the court properly instructed the jury. (*Thomas, supra,* 146 Cal.App.4th at p. 1291 [finding any error in failing to instruct the jury regarding section 803, subdivision (f), was not prejudicial].)

## DISPOSITION

The judgment is affirmed.

_____

RUSHING, P.J.


WE CONCUR:




_____

PREMO, J.




_____

ELIA, J.