BAMATTRE-MANOUKIAN, Acting P. J., Concurring and Dissenting.
Defendant was charged with committing sexual penetration of a child (count 1; Pen. Code, § 288.7, subd. (b))[1] and a forcible lewd act on a child (count 2; § 288, subd. (b)(1)) on July 24, 2010. He was also charged with committing sexual penetration of a child (count 3; § 288.7, subd. (b)) and a forcible lewd act on a child (count 4; § 288, subd. (b)(1)) between January 1, 2009, and December 31, 2009. The jury convicted defendant as charged in counts 1, 2, and 4. As to count 3, the jury found defendant guilty of misdemeanor battery (§§ 242, 243, subd. (a)).
On appeal, defendant contends count 4 must be reversed because the trial court erroneously instructed the jury it could convict him based on his commission of a lewd act between January 1, 2009, and December 31, 2010. Defendant contends count 1 must be reversed because the trial court failed to instruct the jury on attempted sexual penetration (§§ 664, 288.7, subd. (b)) as a lesser included offense and because the trial court gave a general intent instruction as to that count. Finally, defendant contends the two instructional errors as to count 1 were cumulatively prejudicial.
For the reasons stated below, I agree with the majority that defendant’s conviction in count 4 (§ 288, subd. (b)(1)) must be reversed, but I would affirm defendant’s conviction in count 1 (§ 288,.7, subd. (b)).
A. Count 4—Unanimity Instruction Error
In count 4, defendant was charged with committing a forcible lewd act between January 1, 2009, and December 31, 2009. However, the trial court twice read the jury a unanimity instruction that told the jury it could convict *165 defendant of count 4 if it found he committed a forcible lewd act “sometime during the period of January 1, 2009, and December 31, 2010.”
Defendant contends that, because of the erroneous dates in the unanimity instruction, the jury may have convicted him of count 4 based on an act he committed outside of the charged time period—i.e., based on an act he committed in 2010 rather than an act he committed in 2009. He contends that this was a violation of his due process rights. (See People v. Dominguez (2008) 166 Cal.App.4th 858, 866 [83 Cal.Rptr.3d 284] [instruction that extended the date range within which the crime was alleged to have occurred violated due process].)
An erroneous instruction violates a defendant’s due process rights if there is a “ ‘ “reasonable likelihood that the jury . . . applied the challenged instruction in a way” that violates the Constitution.’ ” (Middleton v. McNeil (2004) 541 U.S. 433, 437 [158 L.Ed.2d 701, 124 S.Ct. 1830] (Middleton).) I agree with the majority and I would conclude that in this case, there is a reasonable likelihood that the jury relied on the incorrect unanimity instruction to find defendant guilty of count 4 based on an act he committed in 2010.
The trial court correctly instructed the jury that count 4 was alleged to have been committed between January 1, 2009, and December 31, 2009, when it read the second amended information, which was given to the jury in the written instructions. However, the court subsequently told the jury that count 4 was alleged to have been committed between January 1, 2009, and December 31, 2010. In reading the unanimity instruction (CALCRIM No. 3500), the trial court stated: “The defendant is charged with lewd or lascivious act upon a child under 14 and lewd or lascivious act by force or fear in Count 2 on or about July 24, 2010, and in Count 4 sometime during the period of January 1, 2009, and December 31, 2010. [f] The People have presented evidence of more than one act to prove that the defendant committed these offenses and the lesser included offenses. You must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed.” (Italics added.)
Just before the jury retired to deliberate, the trial court read the incorrect unanimity instruction a second time. The trial court told the jury that it had “misread something” due to a “typographical error.” The trial court told the jury to “go back to the unanimity instruction” and that “the way it should *166 read is the defendant is charged with lewd or lascivious act upon a child under 14 by force or fear in Count 2 on or about July 24th, 2010, and in Count 4 sometime during the period of January 1st, 2009, and December 31st, 2010.” (Italics added.) The trial court specified that it was striking the repeated phrase “ ‘and lewd or lascivious act.’ ”
The written unanimity instruction was provided to the jury. It also incorrectly stated that in count 4, defendant was charged with committing a lewd or lascivious act “sometime during the period of January 1, 2009 and December 31, 2010.”
The instructional error was compounded by the prosecutor’s argument to the jury. Although the prosecutor stated the proper date range for each count at the beginning of his argument, he later stated that defendant committed the lewd act charged in count 4 “when similarly in 2010 he holds her against her will and he touches her breast area with his hands.” The prosecutor also correctly told the jury that there were “four separate acts that could form the basis” for counts 2 and 4, referring to the touching of the victim’s breasts in 2009, the touching of the victim’s breasts in 2010, the touching of the victim’s vagina in 2009, and the touching of the victim’s vagina in 2010.
Thus, the trial court orally instructed the jury twice that count 4 could be based on an act committed in 2010, the jury was given a written instruction that said count 4 could be based on an act committed in 2010, and the prosecutor told the jury that count 4 could be based on an act committed in 2010. Under these circumstances, I would conclude there is a reasonable likelihood that the jury believed it could convict defendant of count 4 based on an act he committed in 2010, and" thus that the instructional error violated defendant’s due process rights. (See Middleton, supra, 541 U.S. at p. 437.)
Because the instructional error in this case amounted to a violation of due process, it is reviewed- under the standard of Chapman v. California (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824] (Chapman). Here, as noted, the incorrect instruction was given twice, and the error was compounded when the prosecutor referred to 2010 when discussing count 4. Further, the evidence of the 2009 incident was weaker than the evidence of the 2010 incident, since the victim could not recall the 2009 incident when she testified at trial, and since the 2010 incident was witnessed by the victim’s mother. Additionally, the instructions did not inform the jury that the unanimity instruction carried less weight than the second amended information. (See Francis v. Franklin (1985) 471 U.S. 307, 322 [85 L.Ed.2d 344, 105 S.Ct. 1965].) On this record, I cannot conclude that the instructional error was harmless beyond a reasonable doubt. (Chapman, supra, 386 U.S. at p. 24.)
*167 B. Count 1—Failure to Instruct on Attempted Penetration
Defendant contends the trial court erred by failing to instruct on the lesser included offense of attempted sexual penetration of a child (§§ 664, 288.7, subd. (b)) as to count 1, in which he was charged with committing sexual penetration of a child (§ 288.7, subd. (b)) in 2010.[2] The majority concludes that the trial court had a sua sponte duty to instruct the jury on attempted sexual penetration because the victim was equivocal about whether penetration occurred; the majority also finds the error was prejudicial.
Assuming that the trial court had a sua sponte duty to instruct on attempted sexual penetration as to count 1, I would find the error harmless. As to both of the sexual penetration charges—count 1 and count 3—the jury was given the option of convicting defendant of battery (§§ 242, 243, subd. (a)) if it did not believe, beyond a reasonable doubt, that defendant penetrated the victim. As to count 3 (the 2009 incident), the jury did choose the lesser alternative, convicting defendant of battery rather than sexual penetration. The jury had the same option as to count 1 if it had a reasonable doubt as to whether there was penetration during the 2010 incident. Because it did not choose that option as to count 1, the trial court’s failure to instruct on attempted penetration was not prejudicial.
An error in failing to instruct on a lesser included offense does not warrant reversal unless an examination of the entire cause, including the evidence, discloses that “it appears ‘reasonably probable’ the defendant would have achieved a more favorable result had the error not occurred.” (People v. Breverman (1998) 19 Cal.4th 142, 149 [77 Cal.Rptr.2d 870, 960 P.2d 1094]; see People v. Watson (1956) 46 Cal.2d 818, 836 [299 P.2d 243] (Watson).)
“Error in failing to instruct the jury on a lesser included offense is harmless when the jury necessarily decides the factual questions posed by the omitted instructions adversely to defendant under other properly given instructions.” (People v. Koontz (2002) 27 Cal.4th 1041, 1085-1086 [119 Cal.Rptr.2d 859, 46 P3d 335].) Thus, the failure to give a lesser included offense instruction is often harmless where the jury is given other reasonable lesser offense options but rejects those options in favor of the charged offense. In such cases, the jury is not “forced [int]‘an all-or-nothing choice between conviction of the stated offense on the one hand, or complete acquittal on the other.’ ” (People v. Lacefield (2007) 157 Cal.App.4th 249, 262 [68 Cal.Rptr.3d 508] (Lacefield), disapproved on other grounds in People v. Smith (2013) 57 Cal.4th 232, 242 *168 [159 Cal.Rptr.3d 57, 303 P.3d 368]; see People v. Dominguez (1992) 11 Cal.App.4th 1342, 1353 [15 Cal.Rptr.2d 46] [defendant charged with robbery; failure to instruct on lesser included offense of grand theft was harmless because jury was instructed on lesser included offense of petty theft and was thus not “put to an ‘unwarranted all-or-nothing choice’ ”]; cf. People v. Lipscomb (1993) 17 Cal.App.4th 564, 571 [21 Cal.Rptr.2d 445] [defendant charged with assault with a firearm; failure to instruct on lesser related offense of brandishing was harmless where the jury “was not faced with an all-or-nothing choice” because it was instructed on other lesser related offenses].)
The California Supreme Court applied these principles in People v. Rogers (2006) 39 Cal.4th 826 [48 Cal.Rptr.3d 1, 141 P.3d 135] (Rogers), where the defendant was charged with first degree murder. The Rogers court held that the trial court should have instructed the jury on the express malice form of second degree murder. However, the error was harmless because the jury had been given other lesser offense options, including the implied malice form of second degree murder, but convicted the defendant of first degree murder. (Id. at pp. 867-868.) The Rogers court similarly found that any error in failing to give an involuntary manslaughter instruction was harmless because the jury had rejected the lesser options of second degree murder and voluntary manslaughter. (Id. at p. 884; see People v. Barnett (1998) 17 Cal.4th 1044, 1156 [74 Cal.Rptr.2d 121, 954 P.2d 384] [failure to give involuntary manslaughter instruction harmless where jury found defendant guilty of first degree murder “in the face of exhaustive instructions pertaining to the lesser included offenses of second degree murder and voluntary manslaughter”].)
Courts from other states have applied the same principles in finding harmless a trial court’s failure to instruct on a lesser included sex offense if the jury was given a lesser offense option such as battery. For instance, in Sherrer v. State (Fla.Dist.Ct.App. 2005) 898 So.2d 260, the defendant was charged with, and convicted of, “lewd and lascivious molestation.” (Id. at p. 261.) On appeal, he argued that the trial court should have instructed the jury on the lesser included offense of “unnatural and lascivious act.” (Ibid.) The court found the error harmless “because the court did instruct the jury on simple battery as a lesser-included offense. [Citations.]” (Ibid., fn. omitted; see State v. Bowles (Tenn. 2001) 52 S.W.3d 69, 78 [defendant charged with aggravated rape; failure to instruct on sexual battery harmless where jury was given the option of convicting defendant of rape and aggravated sexual battery].)
Here, in count 1, defendant was charged with sexual penetration of a child in violation of section 288.7, subdivision (b). Although the trial court did not give the jury the lesser included offense option of attempted sexual penetration, it did give the jury the option of convicting him of battery as a lesser *169 offense.[3] The jury was instructed that defendant was guilty of battery if he “willfully and unlawfully touched [the victim] in a harmful or offensive manner.” (See CALCRIM No. 960.) Thus, the jury had an option to convict defendant of a lesser crime if the jury believed defendant touched the victim in an offensive manner but did not believe that he penetrated her. Because the jury had the option to convict defendant of battery, the absence of an instruction on attempted sexual penetration did not “force[] ‘an all-or-nothing choice between conviction of the stated offense on the one hand, or complete acquittal on the other.’ ” (Lacefield, supra, 157 Cal.App.4th at p. 262.) Since the jury did not choose that option, instead convicting defendant of the charged crime of sexual penetration, the error was harmless. (See Rogers, supra, 39 Cal.4th at p. 884 [failure to instruct on lesser included offense was harmless where the jury rejected other “lesser options”].)
Significantly, in count 3, in which defendant was charged with committing sexual penetration of a child in 2009, the jury was given the same lesser option of battery. The evidence of penetration as to count 3 was also equivocal, and in that count, the jury found defendant not guilty of sexual penetration but guilty of battery, the lesser option. Thus, in count 3, the jury found beyond a reasonable doubt defendant touched the victim in an offensive manner, but that he did not penetrate her. If the jury did not believe, beyond a reasonable doubt, that defendant penetrated the victim in 2010, the jury likewise could have convicted defendant of battery, rather than sexual penetration of a child, in count 1. Because the jury made that distinction as to count 3, but not as to count 1, it is not reasonably probable that the jury would have convicted defendant of attempted sexual penetration, had it been given that additional option. (See Watson, supra, 46 Cal.2d at p. 836.)
It is also significant that the.evidence of penetration in 2010 (count 1) was stronger than in 2009 (count 3). In 2010, the victim’s mother saw defendant with his hand inside the victim’s pants. Although the victim’s testimony and statements about the 2010 incident were equivocal concerning penetration, she did make several statements in which she described defendant’s fingers or entire hand inside her vagina. As to the 2009 incident, there were no other witnesses, the victim’s statements were less detailed, and the victim could not recall that incident when she testified at trial. On this record, the jury distinguished between the evidence supporting the two charges and convicted *170 defendant of sexual penetration of a child as to the 2010 incident but only convicted him of battery as to the 2009 incident.
The trial court’s failure to instruct on attempted sexual penetration was not prejudicial simply because the victim’s testimony and statements were equivocal concerning whether defendant had penetrated her. As the prosecution’s expert testified in this case, molested children often minimize the extent of the abuse, and it is common for molested children to be confused about details or give conflicting information about what happened. The jury heard the expert testimony and the victim’s testimony and statements, and the jury found beyond a reasonable doubt that defendant penetrated the victim in 2010 but not in 2009.
Finally, the jury was instructed on the elements of the charged offense, which required a finding that defendant “engaged in an act of sexual penetration with [the victim].”[4] (See CALCRIM No. 1128.) The jury was also instructed that the prosecution had to prove defendant guilty of each charged offense beyond a reasonable doubt. (See CALCRIM No. 220.) Thus, the jury was instructed it could not convict defendant of sexual penetration of a child in count 1 unless it believed, beyond a reasonable doubt, that defendant engaged in an act of sexual penetration during the 2010 incident.
In sum, because the jury had a reasonable alternative for conviction if it found no penetration as to count 1, because the jury convicted defendant of the lesser offense as to the penetration charged in count 3, and in light of the evidence and other instructions given, I would find that the trial court’s failure to instruct on attempted sexual penetration was harmless under Watson, supra, 46 Cal.2d at page 836.
C. General/Specific Intent Instruction
I agree with the majority that the trial court should have given a specific intent instruction as to count 1 rather than a general intent instruction.
Section 288.7, subdivision (b) incorporates the definition of sexual penetration contained in section 289. Section 289, subdivision (k)(l) specifies that *171 “ ‘[s]exual penetration’ is the act of causing the penetration, however slight, of the genital or anal opening of any person or causing another person to so penetrate the defendant’s or another person’s genital or anal opening for the purpose of sexual arousal, gratification, or abuse by any foreign object, substance, instrument, or device, or by any unknown object.” (Italics added.) Thus, “the crime of unlawful sexual penetration requires the specific intent to gain sexual arousal or gratification or to inflict abuse on the victim.” (People v. McCoy (2013) 215 Cal.App.4th 1510, 1538 [156 Cal.Rptr.3d 382].)
Pursuant to CALCRIM No. 250, the jury was instructed: “For you to find a person guilty of the crimes charged in Counts 1 and 3 and the lesser included offense of simple battery ...[][]... that person must not only commit the prohibited act, but must do so with wrongful intent. [][] A person acts with wrongful intent when he or she intentionally does a prohibited act. However, it is not required that he or she intend to break the law. The act required is explained in the instruction for that crime.”
CALCRIM No. 251 was given only as to counts 2 and 4. If that instruction had been given as to count 1, it would have told the jury that in order to find defendant guilty, it had to find defendant “not only intentionally committed] the prohibited act” but that he did so with a specific intent and/or mental state. The instruction would have told the jury that the act and the specific intent and/or mental state required “are explained in the instruction for that crime.” (See CALCRIM No. 251.)
I agree that any error in failing to instruct the jury with CALCRIM No. 251 as to count 1, rather than with CALCRIM No. 250, was harmless error under any standard. Based on the evidence in the record and because the sexual penetration instruction told the jury it had to find defendant committed the penetration “for the purpose of sexual abuse, arousal, or gratification,” there is no reasonable probability the jury found that defendant penetrated the victim for a purpose other than sexual arousal, gratification, or abuse. (See Watson, supra, 46 Cal.2d at p. 836.) Beyond a reasonable doubt, defendant would not have obtained a more favorable result had the jury been properly instructed that count 1 required a specific, rather than general, intent. (Chapman, supra, 386 U.S. at p. 24.)
D. Cumulative Prejudice
Finally, I agree with the majority that there was no cumulative prejudice stemming from the two instructional errors concerning count 1. I agree that the instructional error concerning count 4 did not have any cumulative effect on count 1, and likewise that the instructional errors concerning count 1 did not have any cumulative effect on count 4.
*172 E. Conclusion
.For the reasons stated above, I would reverse defendant’s conviction in count 4 (§ 288, subd. (b)(1)) only. I would affirm defendant’s convictions in count 1 (§ 288.7, subd. (b)), count 2 (§ 288, subd. (b)(1)), and count 3 (§§ 242, 243, subd. (a)).
A petition for a rehearing was denied April 25, 2014, and the opinion was modified to read as printed above.

 All further statutory references are to the Penal Code unless otherwise indicated.

 Section 288.7, subdivision (b) provides: “Any person 18 years of age or older who engages in . . . sexual penetration, as defined in Section 289, with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 15 years to life.”

 The trial court instructed the jury that “[t]he crime of simple battery is lesser to that of every charged count.” We need not decide whether battery is a lesser included or lesser related offense of penetration of a child (§ 288.7, subd. (b)). (Cf. People v. Santos (1990) 222 Cal.App.3d 723, 739 [271 Cal.Rptr. 811] [battery is a lesser related offense of .forcible penetration (former § 289, subd. (a))]; People v. Shockley (2013) 58 Cal.4th 400, 402 [165 Cal.Rptr.3d 497, 314 P.3d 798] [battery is not a lesser included offense of lewd acts with a child (§ 288, subd. (a))].)

 The jury was instructed: “The defendant is charged in Counts 1 and 3 with engaging in sexual penetration with a child under ten years of age or younger, in violation of Penal Code section 288.7(b). [¶] To prove that the defendant is guilty of this crime the People must prove that, one, the defendant engaged in an act of sexual penetration with [the victim]; two, when the defendant did so, [the victim] was ten years of age or younger; three, at the time of the act, the defendant was at least 18 years old. [][] Sexual penetration means penetration, however slight, of the genital opening of the other person by any foreign object for the purpose of sexual abuse, arousal, or gratification. []□ Penetration for sexual abuse means penetration for the purpose of causing pain, injury, or discomfort. [][] A foreign object, substance, instrument, or device includes any part of the body except a sexual organ.”