**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SERGIO REYES-ALVAREZ, AKA Sergio Alvarez, AKA Sergio Reyes Alvarez, | No. 13-73487 |
| Petitioner, | Agency No. A079-375-811 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2014
San Francisco, California

Before: KOZINSKI, RAWLINSON, and MURGUIA, Circuit Judges.

Petitioner Sergio Reyes-Alvarez (Reyes-Alvarez) petitions for review of a

decision of the Board of Immigration Appeals (BIA) dismissing his appeal.

Reyes-Alvarez contends that the BIA erred in concluding that his California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

conviction for lewd and lascivious acts upon a child aged 14 or 15 is categorically a conviction for a "crime of child abuse."

Giving *Chevron* deference to the BIA's definition of the federal generic offense of a crime of child abuse, Reyes-Alvarez's California conviction is a categorical match. *See Ceron v. Holder*, 747 F.3d 773, 778 (9th Cir. 2014) (en banc) (explaining that we defer to the BIA's definition of a federal generic offense under "the *Chevron* framework if the decision is published or directly controlled by a published decision").

The *mens rea* requirement of California Penal Code § 288(c)(1) fits within the federal generic definition because section 288(c)(1) punishes only "willful[]" acts, while the federal generic crime encompasses anything from "criminally negligent" to "intentional" acts. *Matter of Velazquez-Herrera*, 24 I. & N. Dec. 503, 512 (BIA 2008) (defining "crime of child abuse broadly" as "any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a [person under 18 years old] or that impairs [such a person's] physical or mental well-being, including sexual abuse or exploitation"). Section 288(c)(1) also meets the *actus reus* requirement in the federal definition because a "lewd and lascivious act" upon a child necessarily involves "maltreatment" of the child. *Id.*; *see also People v. Shockley*, 314 P.3d 798, 800

2

(Cal. 2013) (noting that § 288 "assumes that young victims suffer profound harm whenever they are perceived and used as objects of sexual desire").

As Reyes-Alvarez has not sought a stay of removal from the BIA and has not shown that a stay of removal is warranted pending a collateral challenge to his state court conviction, the request for a stay is denied. *See Leiva-Perez v. Holder*, 640 F.3d 962, 971 (9th Cir. 2011).

**PETITION DENIED.**