Filed 3/1/22  P. v. Edwards CA6
Opinion following rehearing
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H048646 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. 19CR010633) |
| v. | |
| MICHAEL EDWARDS, | |
| Defendant and Appellant. | |

## I.    INTRODUCTION

A jury found defendant Michael Edwards guilty of possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 1),[1] possession of heroin for sale (§ 11351; count 2), and misdemeanor possession of drug paraphernalia (§ 11364, subd. (a); count 3). The trial court sentenced defendant to four years in county jail, imposing the upper term on count 2.

On appeal, defendant initially contended that the trial court erred when it failed to instruct the jury on the lesser included offenses to counts 1 and 2, namely, simple possession of methamphetamine (§ 11377, subd. (a)) and simple possession of heroin (§ 11350,

---

[1] All further statutory references are to the Health and Safety Code unless otherwise indicated.

subd. (a)).  The Attorney General contended that the trial court did not err because there was no evidence to warrant the instruction.

We affirmed the judgment.  Defendant filed a petition for rehearing, contending that Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which, as relevant here, amended Penal Code section 1170, subdivision (b) (section 1170(b)) effective January 1, 2022, to make the middle term the presumptive sentence unless certain circumstances exist, applies retroactively to him and requires remand for resentencing.  The Attorney General concedes in his answer to the rehearing petition that the amendment applies retroactively to defendant and that the case should be remanded for resentencing.[2] We granted rehearing by separate order.

For reasons that we will explain, we determine that even if lesser included instructions were warranted, the failure to give the instructions was harmless.  However, we concur with the parties that Senate Bill 567's amendment of section 1170(b) applies retroactively to defendant and that remand for resentencing is required.  Accordingly, we will affirm the judgment of conviction, vacate the imposed sentence, and remand the matter for resentencing.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Factual Background*

On September 26, 2019 at approximately 1:45 a.m., California Highway Patrol officers stopped defendant's vehicle for expired registration.  The officers searched defendant and found $340 in his wallet.

The officers searched defendant's car.  In the center console, the officers found a small baggie of suspected methamphetamine, a methamphetamine pipe, and a working scale with suspected methamphetamine flakes on it.  There was a briefcase in the backseat

---

[2]  The parties subsequently indicated that the rehearing petition and the answer constituted their respective briefing on the issue.

2

containing paperwork in defendant's name, a plastic bag containing "a larger amount" of suspected methamphetamine, a plastic bag containing four bindles of suspected black tar heroin, a prescription pill bottle, and between 5 to 20 plastic baggies. The prescription pill bottle was labeled " 'gabapentin,' " but contained white rectangular pills labeled "Xanax." The officers also located a cell phone and a notebook containing names with dollar amounts listed next to them. The notes were consistent with pay-owe sheets used in drug sales.

A sample taken from the larger bag of suspected methamphetamine tested positive for methamphetamine. The bag contained 27.801 grams of crystals that contained methamphetamine. A sample taken from the largest bindle of suspected heroin tested positive for heroin. The largest bindle weighed 0.811 grams.[3] The pills stamped "Xanax" appeared to be counterfeit because the pill tested did not contain alprazolam, but did contain etizolam, which is in the same class of drugs. The smaller bag of suspected methamphetamine was not tested.

California Highway Patrol Investigator Jaime Rios was one of the officers who stopped defendant. Investigator Rios testified as an expert in narcotics recognition and sales. Based on his training and experience and the totality of the circumstances, including the presence of 27.801 grams of methamphetamine, which was almost an ounce, counterfeit Xanax, separately packaged heroin, a pay-owe sheet, a digital scale, and $340, Investigator Rios opined that the methamphetamine, heroin, and counterfeit Xanax were possessed for sale.

Investigator Rios testified that based on his training and experience, possession of 27.801 grams of methamphetamine is inconsistent with personal use. The average methamphetamine user consumes approximately half a gram to one gram of methamphetamine a day. Drug users typically buy a small amount of drugs that they

---

[3] One of the investigating officers testified that the bindles of heroin in their packaging together weighed a total of 2.9 grams.

consume as quickly as possible, buying more when they run out. Twenty-eight grams of methamphetamine is almost a month's supply.

Investigator Rios stated 0.0811 grams of heroin is a quantity consistent with personal use. However, heroin users typically do not buy separate packages of heroin; "[n]ormally it's going to be packaged in one thing that you purchase." Here, the fact that the heroin was packaged separately led Investigator Rios to believe that the heroin was not possessed for personal use.

In Investigator Rios's training and experience, possession of counterfeit Xanax is consistent with drug sales because a dealer can increase his or her profits by selling counterfeit product.

Investigator Rios testified that drug sellers are often also drug users. Users will sell drugs to supplement their income and sustain their drug use. For that reason, the presence of the methamphetamine pipe here did not change Investigator Rios's opinion that the narcotics were possessed for sale.

On cross-examination, Investigator Rios stated that possession of a scale "in and of itself" could be consistent with personal use. He was familiar with drug users who have scales to ensure that they are not cheated by drug dealers. Buying a larger quantity of drugs is "[m]aybe a little bit cheaper." Drug users sometimes use stimulants and analgesics to "balance[] them out," and the use of methamphetamine and heroin is prevalent. Possession of cash "in and of itself" is not consistent with drugs sales, but possession of drugs and a large amount of cash would lead him to believe that the cash was used in drug sales. Someone could purchase separate bindles of heroin from a dealer instead of heroin packaged in one bindle but it is not very common. Drug dealers commonly possess weapons, and no weapons were found here. The pipe found in defendant's vehicle was consistent with a pipe used to smoke methamphetamine.

On redirect, Investigator Rios testified that each item of evidence was "important" and "[e]ach . . . could be used for personal use," but in his opinion that was "not the case"

here.  In Investigator Rios's opinion, based on "the totality of everything," this was "a sales case."

Defendant did not testify and rested without presenting evidence.

**B.** *Procedural Background*

Defendant was charged with possession of methamphetamine for sale (§ 11378; count 1), possession of heroin for sale (§ 11351; count 2), and misdemeanor possession of drug paraphernalia (§ 11364, subd. (a); count 3).[4]

A jury found defendant guilty as charged.

The trial court sentenced defendant to four years in county jail, imposing the upper term of four years on count 2, a concurrent middle term of two years on count 1, and no custody time on count 3.

## III.   DISCUSSION

**A.** *Failure to Instruct on Lesser Included Offenses*

Defendant contends that the trial court erred when it failed to instruct the jury on the lesser included offense to count 1, simple possession of methamphetamine, and the lesser included offense to count 2, simple possession of heroin.  Defendant observes that the prosecution's drug sales expert testified that each item of evidence could support a finding of personal use, and that only when considered together did the evidence demonstrate intent to sell.  Defendant argues that under these circumstances, the trial court was required to instruct the jury on the lesser included offenses.  The Attorney General acknowledges that simple possession is a lesser included offense of possession of a controlled substance for sale, but argues that "no evidence—much less substantial evidence—supported instruction on simple possession."

---

[4]  Before trial, defendant pleaded no contest to driving with a suspended license (Veh. Code, § 14601.1, subd. (a)).

### 1. Legal Principles

We review a trial court's decision not to instruct on a lesser included offense de novo.  (*People v. Waidla* (2000) 22 Cal.4th 690, 733.)

"A trial court has a sua sponte duty to 'instruct on a lesser offense necessarily included in the charged offense if there is substantial evidence the defendant is guilty only of the lesser.'  [Citation.]  Substantial evidence in this context is evidence from which a reasonable jury *could* conclude that the defendant committed the lesser, but not the greater, offense.  [Citation.]  'The rule's purpose is . . . to assure, in the interest of justice, the most accurate possible verdict encompassed by the charge and supported by the evidence.'  [Citation.]  In light of this purpose, the court need instruct the jury on a lesser included offense only '[w]hen there is substantial evidence that an element of the charged offense is missing, but that the accused is guilty of' the lesser offense.  [Citation.]"  (*People v. Shockley* (2013) 58 Cal.4th 400, 403-404, italics added.)  "Speculative, minimal, or insubstantial evidence is insufficient to require an instruction on a lesser included offense.  [Citations.]"  (*People v. Simon* (2016) 1 Cal.5th 98, 132 (*Simon*).)  "In deciding whether evidence is 'substantial' in this context, a court determines only its bare legal sufficiency, not its weight" (*People v. Moye* (2009) 47 Cal.4th 537, 556 (*Moye*)), and the determination "must be made without reference to the credibility of that evidence" (*People v. Marshall* (1996) 13 Cal.4th 799, 847).  "The testimony of a single witness . . . can constitute substantial evidence requiring the court to instruct on its own initiative."  (*People v. Lewis* (2001) 25 Cal.4th 610, 646.)

"The failure to instruct on lesser included offenses supported by substantial evidence [i]s state law error" (*People v. Gonzalez* (2018) 5 Cal.5th 186, 196), requiring us to evaluate whether it is " ' "reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error" ' " (*id.* at p. 195).

### 2. Analysis

As the parties agree, simple possession of a controlled substance is a lesser included offense of possession of the same controlled substance for sale. (See *People v. Oldham* (2000) 81 Cal.App.4th 1, 16; *People v. Saldana* (1984) 157 Cal.App.3d 443, 454-455 (*Saldana*).) Thus, if there was substantial evidence that defendant was guilty of simple possession of methamphetamine or heroin, but not possession for sale, the trial court should have instructed on the lesser offenses.[5] (See *Simon*, *supra*, 1 Cal.5th at p. 132.)

Contrary to the Attorney General's contention that there is "no evidence" to support simple-possession instructions, there is evidence in the record, albeit somewhat minimal, that defendant possessed the methamphetamine and heroin for personal use, rather than for sale. Defendant possessed a methamphetamine pipe, which is circumstantial proof of his methamphetamine use, and at least 0.811 grams of heroin, a quantity consistent with personal use. Although the sales expert stated that many drug sellers are also drug users and opined that the methamphetamine and heroin were possessed for sale based on the totality of the circumstances, an "officer's opinion is merely circumstantial evidence of intent to sell, absent other direct evidence." (*Saldana*, *supra*, 157 Cal.App.3d at p. 456.) Indeed, the expert also testified that "[e]ach [item of evidence] could be used for personal use," but in his opinion that was "not the case" here. "In deciding whether there is substantial evidence of a lesser offense, courts should not evaluate the credibility of witnesses, a task for the jury." (*Breverman*, *supra*, 19 Cal.4th at p. 162.) Rather, courts determine the evidence's "bare legal sufficiency, not its weight." (*Moye*, *supra*, 47 Cal.4th at p. 556.)

---

[5] The record does not indicate whether defendant requested instruction on the lesser included offenses. However, "[t]he [sua sponte] obligation to instruct on lesser included offenses exists even when as a matter of trial tactics a defendant not only fails to request the instruction but expressly objects to its being given." (*People v. Breverman* (1998) 19 Cal.4th 142, 154-155 (*Breverman*).)

7

But even assuming that lesser included instructions were warranted here, we determine that it is not reasonably probable that, if given the choice between the greater and lesser offenses, the jury would have convicted defendant of the lesser offenses rather than the greater. (See *Breverman*, *supra*, 19 Cal.4th at p. 178, fn. 25.) Our analysis of prejudice from the failure to instruct on the lesser offenses "focuses not on what a reasonable jury *could* do, but what such a jury is *likely* to have done in the absence of the error under consideration. In making that evaluation, [we] may consider, among other things, whether the evidence supporting the existing judgment is so *relatively* strong, and the evidence supporting a different outcome is so *comparatively* weak, that there is no reasonable probability the error of which the defendant complains affected the result." (*Id.* at p. 177.)

In this case, the evidence of intent to sell was very strong and the evidence of simple possession was plainly weak. Defendant possessed close to an ounce of methamphetamine, which was nearly a month's supply, in a briefcase that also contained packaging materials, pay-owe sheets, four bindles of black tar heroin, and a prescription pill bottle containing counterfeit Xanax. In addition, defendant had a working scale, a cell phone, and $340. Defendant did not dispute that he possessed these items. Although officers located a methamphetamine pipe in the center console of defendant's car along with a smaller baggie of methamphetamine, the totality of the circumstances strongly demonstrates that defendant possessed methamphetamine with the intent to sell, as the sales expert testified. The same holds true regarding defendant's possession of heroin with the intent to sell, given that the heroin was packaged in four separate bindles and was inside the briefcase with packaging materials and pay-owe sheets. There was no evidence that defendant was under the influence of heroin, and no heroin paraphernalia found. Thus, despite that defendant argued that he possessed the drugs for personal use, "the evidence supporting the existing judgment is so *relatively* strong, and the evidence supporting a different outcome is so *comparatively* weak, that there is no reasonable probability" that the trial court's failure to instruct on the

8

simple possession of methamphetamine and the simple possession of heroin affected the result here. (*Breverman*, *supra*, 19 Cal.4th at p. 177.)

**B.** *Amendment of Section 1170(b)*

The parties agree that Senate Bill 567's amendment of section 1170(b), which as relevant here made the middle term the presumptive sentence unless certain circumstances exist, applies retroactively to defendant and requires remand for resentencing. We concur.

As amended, section 1170(b) provides in relevant part: "(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). [¶] (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. . . . [¶] (3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. . . ."

As this case is not yet final, defendant is entitled to the retroactive application of section 1170(b) as amended by Senate Bill 567 because the amendment is ameliorative and nothing in Senate Bill 567 indicates that the Legislature intended the amendment to apply solely prospectively. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; see also *People v. Frahs* (2020) 9 Cal.5th 618, 627-630.)

The trial court imposed the upper term on count 2, finding the following factors in aggravation: defendant had numerous prior convictions as an adult; defendant had served prior prison terms; defendant was on "conditional probation" when the current crimes were committed; and defendant's performance on probation and parole was unsatisfactory. The court found no factors in mitigation. Although the court cited defendant's "12 prior felony

convictions dating back to 1982," it is unclear from the record whether the court was basing its sentencing decision on certified records of conviction, as required by section 1170(b)(3).

Accordingly, we will remand the matter for the trial court to resentence defendant under section 1170(b), as amended by Senate Bill 567.

## IV.    DISPOSITION

The judgment of conviction is affirmed.  The sentence is vacated and the matter is remanded for the trial court to resentence defendant applying Penal Code section 1170, as amended by Senate Bill No. 567.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
LIE, J.

*People. v. Edwards*
**H048646**