Filed 8/5/24  P. v. Vancamp CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081793 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD292985) |
| DEONTA ANTONIO VANCAMP, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia Eyherabide, Judge.  Affirmed.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Caelle McKaveney, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Deonta Antonio Vancamp guilty of (1) assault with intent to commit a sex offense during the commission of a residential burglary (Pen.

Code,[1] § 220, subd. (b)); (2) possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)); and (3) resisting an officer (§ 148, subd. (a)(1)). Vancamp pled guilty to giving false information to a peace officer (§ 148.9, subd. (a)). The trial court sentenced Vancamp to prison for five years plus 14 years to life.

Vancamp contends that the trial court erred in failing to sua sponte instruct the jury that sexual battery (§ 243.4) is a lesser included offense of assault with intent to commit a sex offense during the commission of a residential burglary (§ 220, subd. (b)). We conclude that Vancamp's argument lacks merit, and we accordingly affirm the judgment.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 2, 2022, Vancamp entered a woman's apartment through a window. Then, while naked and with an erect penis, Vancamp confronted the woman in the bathroom while she was taking a shower. The woman screamed as Vancamp entered the shower, placing one hand over the woman's mouth and one hand on her buttocks while trying to reach for her genital area. The woman prevented Vancamp from touching her genitals by squatting down and then sitting on the floor of the shower. The woman's roommates heard the screaming and intervened. Vancamp left the apartment and was apprehended by police a short time later, but he attempted to flee during his arrest. Officers searched Vancamp and found methamphetamine.

Vancamp was charged with (1) assault with the intent to commit a sex offense during the commission of a residential burglary (§ 220, subd. (b))

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

2

(count 1); (2) possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) (count 2); (3) resisting an officer (§ 148, subd. (a)(1)) (count 3); and (4) giving false information to a peace officer (§ 148.9, subd. (a)) (count 4). Vancamp pled guilty to count 4, and then proceeded to trial on the remaining counts. The jury found Vancamp guilty on all of the counts presented to it. Vancamp was sentenced to a term of five years plus 14 years to life.

## II.

## DISCUSSION

Vancamp's sole argument on appeal is that the trial court prejudicially erred because it did not sua sponte instruct the jury that sexual battery (§ 243.4) is a lesser included offense of assault with intent to commit a sex offense during the commission of a residential burglary (§ 220, subd. (b)) as alleged in count 1.

Although defense counsel did not ask for an instruction on sexual battery (§ 243.4) as a lesser included offense for count 1, "[a] trial court has a sua sponte duty to 'instruct on a lesser offense necessarily included in the charged offense if there is substantial evidence the defendant is guilty only of the lesser.' " (*People v. Shockley* (2013) 58 Cal.4th 400, 403–404 (*Shockley*).) "A trial court has a sua sponte duty to instruct the jury on a lesser included uncharged offense if there is substantial evidence that would absolve the defendant from guilt of the greater, but not the lesser, offense. [Citation.] Substantial evidence is evidence from which a jury could conclude beyond a reasonable doubt that the lesser offense was committed." (*People v. Simon* (2016) 1 Cal.5th 98, 132.)

However, "a defendant has no unilateral right to an instruction on an uncharged offense that is not necessarily included within a charged offense."

3

(*People v. Yeoman* (2003) 31 Cal.4th 93, 129.) "To determine if an offense is lesser and necessarily included in another offense for this purpose, we apply either the elements test or the accusatory pleading test. 'Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former. Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former.' " (*Shockley, supra*, 58 Cal.4th at p. 404.)

On appeal, we independently review whether a trial court erroneously failed to instruct on a lesser included offense." (*People v. Trujeque* (2015) 61 Cal.4th 227, 271.)

Here, Vancamp relies on the accusatory pleading test to argue that the crime of sexual battery (§ 243.4) is a lesser included offense of assault with the intent to commit a sex offense during the commission of a residential burglary (§ 220, subd. (b)) as charged in count 1.

The operative information charged in count 1 that "in the commission of burglary of the first degree" Vancamp "did unlawfully assault [the victim] with the intent to commit forcible rape, forcible sodomy, forcible digita[l] penetration, or forcible oral copulation" in violation of section 220, subdivision (b).[2] The crime of sexual battery is committed when "[a]ny person . . . touches an intimate part of another person, if the touching is

---

2 Section 220, subdivision (b) states, "Any person who, in the commission of a burglary of the first degree, as defined in subdivision (a) of Section 460, assaults another with intent to commit rape, sodomy, oral copulation, or any violation of Section 264.1, 288, or 289 shall be punished by imprisonment in the state prison for life with the possibility of parole." (§ 220, subd. (b).)

4

against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse." (§ 243.4, subd. (e)(1).)

Vancamp centers his argument on *People v. Ortega* (2015) 240 Cal.App.4th 956, 967–970 (*Ortega*), which held that sexual battery is a lesser included offense to a charge of sexual penetration by force (§ 289) when it is alleged that the penetration was digital. Focusing on the information's allegation that he committed burglary with the intent to commit forcible digital penetration (among other sex crimes), Vancamp argues that sexual battery is a lesser included offense of the assault alleged in count 1.

We reject the argument because, as we will explain, sexual battery necessarily requires *a touching*, but the crime of assault during a residential burglary with the intent to commit forcible digital penetration (or any of the other sex crimes identified in the information) requires only *an intent* to engage in the sex crime.

To commit sexual battery, the defendant must "touch[ ] an intimate part of another person." (§ 243.4, subd. (e)(1).) The statute defines touching as "physical contact with another person, whether accomplished directly, through the clothing of the person committing the offense, or through the clothing of the victim." (*Id.*, at subd. (e)(2).) The statutory definition of sexual battery requiring a touching is consistent with the general rule that "a battery cannot be accomplished without a touching of the victim." (*People v. Marshall* (1997) 15 Cal.4th 1, 38.)

In contrast, assault does not require a touching. The Penal Code defines "assault" as "an unlawful *attempt*, coupled with a present ability, to commit a violent injury on the person of another." (§ 240, italics added.) Further, in count 1 the information specifically alleges only an *intent* to commit forcible digital penetration or any of the other identified sex crimes.

5

The information includes no allegation that any of the intended sex crimes were successfully carried out through any *actual* sexual touching. Thus, in alleging in count 1 that Vancamp committed an assault during a residential burglary with the intent to commit a sex crime, the information alleged an *attempt* to commit an unlawful touching, and an *intent* to commit a sex crime, but it did not allege that any *actual touching* occurred.

We accordingly reject Vancamp's argument that sexual battery is a lesser included offense under the accusatory pleading test. "Every completed battery includes an assault, but if the assailant does not go beyond the attempted use of force or violence, then assault has been committed without battery." (*People v. Yeats* (1977) 66 Cal.App.3d 874, 878.) As we have explained, that general rule is equally applicable for the offense of sexual battery (§ 243.4, subd. (e)(1)) and the offense of assault during a residential burglary with the intent to commit a sex crime (§ 220, subd. (b)), as alleged in count 1. Because sexual battery requires a touching but the assault alleged in count 1 did not require any touching, the "facts actually alleged in the accusatory pleading" did not "include all of the elements of the lesser offense." (*Shockley, supra*, 58 Cal.4th at p. 404.)

## DISPOSITION

The judgment is affirmed.

IRION, Acting P. J.

WE CONCUR:

BUCHANAN, J.

KELETY, J.