Filed 9/17/25  P. v. Smith CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH JERMAINE SMITH,<br><br>    Defendant and Appellant. | F087867<br><br>(Super. Ct. No. DF016210A)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Joseph Jermaine Smith was convicted by jury of two counts of resisting an executive officer in violation of Penal Code[1] section 69 arising out of an incident

---

[1]    All further undesignated statutory references are to the Penal Code.

involving two correctional officers at the prison where he was housed as an inmate. On appeal, he contends the trial court erred by failing to instruct on the lesser included offenses of resisting a peace officer (§ 148, subd. (a)(1)) and simple assault (§ 240).

Finding no error, we affirm.

## PROCEDURAL HISTORY

Appellant was charged by information with battery of a prisoner against a nonprisoner (§ 4501.5; counts 1 & 2) and resisting an executive officer (§ 69; counts 3 & 4). The information further alleged appellant had suffered two strike priors.

Appellant underwent a jury trial, and the court instructed the jury on the offenses charged (CALCRIM Nos. 2723, 2652). It instructed on the lesser included offense of simple assault (CALCRIM No. 915; § 240) as to counts 1 and 2 and did not instruct on any lesser included offenses as to counts 3 and 4.[2]

The jury found appellant guilty of counts 3 and 4 but could not reach a verdict on counts 1 and 2. The court declared a mistrial as to counts 1 and 2. In a bifurcated court trial on the priors, the court found they were true as alleged.

At sentencing, the court denied appellant's request to strike the strike priors (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497) and sentenced him to a term of 25 years to life as to count 3, and a concurrent term of 25 years to life on count 4.

## FACTS

*Prosecution Case*

On July 9, 2020, appellant was an inmate in the "Special Needs Yard" at the North Kern State Prison. That morning, correctional officers Ali Guitron and Jorge Reyes-Mercado were monitoring the pill line where inmates pick up their prescribed medications. Guitron observed appellant obtain his medication and put something in his

---

[2]    At the jury instruction conference on the record, there was no discussion by the court or parties regarding lesser included offenses on counts 3 and 4.

back pocket. Inmates not taking their medication are a security risk, and Guitron decided to pat down appellant to make sure he took his medication.

To this end, as appellant was walking away from the pill line, Guitron told appellant to turn around so Guitron could pat him down. Appellant got upset and said something to the effect of "why are you fucking with me? I didn't do nothing" and was yelling and cursing. Guitron told appellant he had to make sure he took his medication, and appellant eventually assumed a position to be patted down. Reyes-Mercado approached appellant and Guitron to provide coverage.

When Guitron moved to begin the pat down, appellant turned around and elbowed Guitron in the mouth. Guitron took a few steps back and called for assistance over the radio, and appellant began swinging at Reyes-Mercado, striking him once in the forehead. Reyes-Mercado testified that because appellant was so close to Reyes-Mercado, he felt he had no choice but to swing back. Guitron ordered appellant to stop and get down, but he refused.

Guitron then pulled appellant to the ground to keep him from striking Reyes-Mercado again, and they both fell. Appellant tried to get back up, and Guitron continued to tell him to put his hands behind his back and stop resisting. Both officers were attempting to control appellant by physically keeping him on the ground and giving him orders, but appellant was thrashing around on the ground. Appellant continued to ignore the orders, so Guitron punched appellant in the ribs. Appellant continued to thrash and refused to comply with Guitron's orders until Guitron punched him in the ribs a second and third time. After the third strike, appellant stopped moving and put his hands behind his back, and Guitron was able to get him into handcuffs. According to the officers, neither used physical force after appellant complied with the orders.

Appellant was then searched for contraband, which yielded no results, and then was taken to get medically evaluated. Appellant had an injury to his eye socket area,

3.

which Guitron opined may have occurred when appellant fell to the ground. Appellant also had swelling on his forehead next to his left eye.

Guitron had a couple of scratches on his lip area and on his head, as well as on his knees from falling to the ground with appellant. Reyes-Mercado had a red mark on his forehead.

### Defense Case

Appellant testified in his defense. He testified he was a sex offender registrant, which was the reason he was housed in the special needs yard. Being a sex offender registrant in the prison system was difficult because "[y]ou're always targeted."

Appellant said that Guitron approached him during the pill call out of nowhere two days before the incident. Appellant noticed Guitron standing nearby and asked if there was a problem, to which Guitron responded, "I don't know. Is there?" Appellant said no, and Guitron told appellant to leave the indoor portion of the pill call area, and appellant interpreted this to mean Guitron was telling him not to go back to pill call.

According to appellant, on the day of the incident, while appellant was exiting the pill line after receiving his medication, one of the other correctional officers smiled at him, and he said "good morning" to her. Guitron then approached appellant and said, "What are you looking at? You're a Chomo," which is slang for child molester. Appellant told Guitron he had the wrong guy, and the "[n]ext thing you know, [appellant] was on the ground getting punched and kicked."

Appellant explained that after Guitron called him a "Chomo," Guitron threw appellant against the fence, slammed him onto the ground, and he and eight or nine other correctional officers began beating up appellant. Appellant denied that Guitron told appellant he needed to be searched. Appellant denied threatening or taking a swing at any of the officers. He was trying to protect his face while they were punching and kicking him. He sustained injuries to his face and thought he had a fractured nose. He

4.

also experienced rib pain and injuries to his legs and right arm. He testified the documentation of his injuries by the prison staff did not include all of his injuries.

Former North Kern State Prison inmate Ernesto Blackburn testified on appellant's behalf. He testified he was formerly part of the "Two-fiver" gang on the special needs yard and that Guitron, Reyes-Mercado, and their sergeant, Sergeant Trejo, would tell the gang to beat up inmates they had problems with, such as sex offenders. Blackburn testified he had seen Guitron hit a sex offender inmate on more than one occasion.

Blackburn further testified he witnessed the incident involving appellant on July 9, 2020. One of the correctional officers said "what's up" to appellant. Guitron then approached appellant as if appellant had "said something back pervertedly or started it," and started manhandling him, beating him up, and carrying him out of the yard.

### Rebuttal

Both officers denied that any officer called appellant a "Chomo" and testified they did not know appellant was a sex offender registrant. They also denied engaging in requesting members of the Two-fiver gang to assault other inmates because of their sex offender status.

### DISCUSSION

## I. Relevant Legal Principles

The trial court has a sua sponte duty to "instruct fully on all lesser necessarily included offenses supported by the evidence." (*People v. Breverman* (1998) 19 Cal.4th 142, 148–149, disapproved of on other grounds by *People v. Schuller* (2023) 15 Cal.5th 237, 255–261.) " ' "The rule's purpose is … to assure, in the interest of justice, the most accurate possible verdict encompassed by the charge and supported by the evidence." ' " (*People v. Landry* (2016) 2 Cal.5th 52, 96.)

An instruction on a lesser included offense is not warranted unless it is supported by "[s]ubstantial evidence," meaning "evidence from which a reasonable jury could

conclude that the defendant committed the lesser, but not the greater, offense." (*People v. Shockley* (2013) 58 Cal.4th 400, 403.)

"On appeal, we independently review whether a trial court erroneously failed to instruct on a lesser included offense." (*People v. Trujeque* (2015) 61 Cal.4th 227, 271.)

## II. Analysis

### A. Section 148, Subdivision (a)(1)

Section 69 can be violated in one of two ways: (1) "by threats or violence to deter or prevent an officer from performing a duty imposed by law" or (2) "resisting by force or violence an officer in the performance of his or her duty." (*People v. Smith* (2013) 57 Cal.4th 232, 240 (*Smith*).) Section 148, subdivision (a)(1) is a lesser necessarily included offense of only the second way of violating section 69. (*Smith*, at p. 241.)

Thus, "[w]here an accusatory pleading alleges both ways of violating section 69, the trial court should instruct the jury that if it finds beyond a reasonable doubt that a defendant committed either way of violating section 69, it should find the defendant guilty of that crime. If not, the jury may return a verdict on the lesser offense of section 148(a)(1) so long as there is substantial evidence to conclude that the defendant violated section 148(a)(1) without also violating section 69." (*Smith*, *supra*, 57 Cal.4th at p. 245.)

Here, appellant was charged with both ways of violating section 69, and the court only instructed the jury on the second way. (CALCRIM No. 2652.) Thus, in the present case, section 148, subdivision (a)(1) is a lesser necessarily included offense of section 69.

However, a trial court is not required to instruct the jury on a necessarily included lesser offense " ' "when there is no evidence that the offense was less than that charged.' " ([*People v. ]Breverman*, *supra*, 19 Cal.4th at p. 154.) That is the case here." (*Smith*, *supra*, 57 Cal.4th at p. 245.)

We conclude the court was not required to instruct the jury on section 148, subdivision (a)(1). Both sections 69 and 148, subdivision (a)(1) require the jury to find

that the officers were performing their lawful duty; where the offenses differ is in whether the defendant used force or violence to effectuate the resistance.[3]  So, under the circumstances of the present case, the question is whether the evidence supports a finding that the officers were performing their lawful duty, *and* appellant resisted *without* force. We conclude it does not.  Appellant has not proffered a reasonable explanation for why it does.  He merely argues he never denied resisting the officers, citing his testimony that he was trying to protect his face from getting hit and that at one point when he put his hands behind his back, the officers told him to "quit resisting."  He also cites Blackburn's testimony that the officers were "manhandl[ing]" appellant and "beating him up."  This testimony does not support a conclusion that appellant committed a violation of section 148, subdivision (a)(1).  In appellant's version of events, the officers were not performing their lawful duty; he testified Guitron never ordered him to submit to a search, but rather commenced an attack against him with several other officers without provocation that he suggested was based on nothing else but a previous perceived altercation and/or his status as a sex offender registrant.

Further, though there was competing evidence of the degree, it was not disputed that appellant suffered at least some injuries from the incident, which, based on the evidence, assuming the officers were performing their lawful duty, must have resulted

---

[3]     The elements of a violation of section 69 are:  (1) the defendant unlawfully used force or violence to resist an executive officer; (2) when the defendant acted, the officer was performing his or her lawful duty; (3) when the defendant acted, the defendant knew that the person he or she resisted was an executive officer; and (4) when the defendant acted, he or she knew the executive officer was performing his or her duty.  (CALCRIM No. 2652; § 69.)

The elements of a violation of section 148, subdivision (a)(1) are:  (1) the victim was a peace officer lawfully performing or attempting to perform his or her duties as a peace officer; (2) the defendant willfully resisted the victim in the performance or attempted performance of those duties; and (3) when the defendant acted, he or she knew, or reasonably should have known, that the victim was a peace officer performing or attempting to perform his or her duties.  (CALCRIM No. 2656; § 148, subd. (a).)

from self-infliction when appellant was thrashing on the ground, or from reasonable force deployed by the officers.[4] Neither of these scenarios lead to a reasonable inference that appellant simply resisted the officers' performance of their lawful duty without force or violence.[5]

For these reasons, the court was not required to instruct on section 148, subdivision (a)(1).

### B.      *Section 240*

Appellant relies solely on *People v. Brown* (2016) 245 Cal.App.4th 140 (*Brown*) to support the proposition that section 240 is a necessarily included lesser offense of section 69. He recognizes, however, that another appellate court in *People v. Morgan* (2024) 103 Cal.App.5th 488 (*Morgan*), review granted October 2, 2024, S286493, recently concluded it was not, rejecting the *Brown* holding, and that the issue is currently before the California Supreme Court. Respondent contends we should follow the *Morgan* court's holding that section 240 is not a lesser included offense of section 69 because it is the better reasoned opinion. We note that in recognizing the split of

---

[4]      The jury was instructed that a peace officer "is not lawfully performing his or her duties if he or she is using unreasonable or excessive force in his or her duties" and that a peace officer "may use reasonable non-deadly force to arrest or detain someone, to prevent escape, to overcome resistance, or in self-defense." (CALCRIM Nos. 2652, 2670.)

[5]      We recognize that the jury's inability to agree on a verdict on the battery counts suggests at least some of the jurors did not believe that appellant elbowed Guitron or punched Reyes-Mercado and therefore rejected some of the officers' testimony. This does not alter our conclusion. The jury is the sole determiner of witness credibility. Even in rejecting some parts of the officers' testimony, they necessarily accepted other parts to determine that they were performing their lawful duty. As it appears they could not agree on the act of elbowing or punching either officer, the act of resisting by force or violence agreed upon by the jury appeared to be the act of thrashing on the ground while the officers were attempting to restrain him. We note the jury was instructed with CALCRIM No. 3500 on unanimity as to all four counts.

8.

authority, appellant simply asserts, "the *Brown* decision was on point" and does not offer any reasoned analysis as to whether we should follow *Brown* over *Morgan*.

We agree with respondent. *Morgan* criticized *Brown* due to the conclusory nature of *Brown*'s assertion that it is not possible to violate section 69 in the second way (using force or violence) without committing an assault, supported with a "see" cite to the entirety of the *Smith* analysis. (*Morgan*, *supra*, 103 Cal.App.5th at pp. 504–505; see *Brown*, *supra*, 245 Cal.App.4th at p. 153.) As we have explained, *Smith* only dealt with whether section 148, subdivision (a)(1) was a lesser included offense of section 69 and, without further analysis, is not persuasive authority for the proposition asserted by the *Brown* court. The *Morgan* court also pointed out that in the case before the *Brown* court the Attorney General conceded section 240 was a necessarily lesser included offense of the section 69 charge. (*Morgan*, at p. 505; see *Brown*, at p. 153.)

The *Morgan* court then underwent a thorough analysis, using well-established principles of statutory construction, to determine that section 69 did not require use of force or violence upon the officer's person. It concluded accordingly that an assault, which requires a willful act that by its nature would directly and probably result in the application of force *to a person*,[6] is not a necessarily lesser included offense of resisting by force or violence. (*Morgan*, *supra*, 103 Cal.App.5th at pp. 505–514.) We agree with the *Morgan* court's analysis and conclude that section 240 is not a lesser included offense of section 69.

---

[6]    The elements of simple assault are: (1) the defendant did an act that by its nature would directly and probably result in the application of force to a person; (2) the defendant did that act willfully; (3) when the defendant acted, he or she was aware of facts that would lead a reasonable person to realize that his or her act by its nature would directly and probably result in the application of force to someone; and (4) when the defendant acted, he or she had the present ability to apply force to a person. (CALCRIM No. 915; § 240.)

Because we conclude section 240 is not a lesser included offense of section 69, the court was not required to instruct on simple assault in the present case.

## **DISPOSITION**

The judgment is affirmed.


                                                    DE SANTOS, J.

WE CONCUR:


DETJEN, Acting P. J.


PEÑA, J.