Filed 9/10/25  In re K.S. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re K.S., a Person Coming Under the Juvenile Court Law. | C102242 |
| THE PEOPLE,  Plaintiff and Respondent,  v.  K.S.,  Defendant and Appellant. | (Super. Ct. No. JJC-JV-DE-2023-0001684) |

The minor, K.S., appeals a dispositional order after the juvenile court found she committed two counts of simple assault (Pen. Code, § 242; statutory section citations are to the Penal Code) and declared her to be a ward of the court (Welf. & Inst. Code, § 602). She contends:  (1) the juvenile court erred in determining that simple battery (§ 242) was a lesser included offense of misdemeanor sexual battery (§ 243.4, subd. (e)(1)) and (2) this error violated her right to due process because the allegations against her did not include simple assault.  We disagree and affirm the court's order.

1

FACTS AND HISTORY OF THE PROCEEDINGS

The minor attended high school with L.O., J.M., D.A, and A.G. during the 2022-2023 school year. In March 2023, these students complained about the minor inappropriately touching them on the " 'legs, crotch, butt, and breasts' " while at school.

In December 2023, the district attorney filed a wardship petition alleging K.S. had committed four counts of felony sexual battery by restraint (§ 243.4, subd. (a)). The minor denied the allegations, and the juvenile court granted the minor's request not to be placed on deferred entry of judgment.

The week before the contested jurisdictional hearing, the minor moved to reduce the felony sexual batteries (§ 243.4, subd. (a)) to misdemeanors (§ 243.4, subd. (e)(1)). (Welf. & Inst. Code, § 700.3.) At the outset of the contested jurisdictional hearing, the People concurred with the proposed amendments, and the juvenile court amended the wardship petition to allege four counts of misdemeanor sexual battery (§ 243.4, subd. (e)(1)).

Following the close of evidence, the People argued misdemeanor sexual batteries had been established for L.O., J.M., and D.A. Conceding insufficient evidence as to A.G., the People asked the juvenile court to find that K.S. had committed simple battery (§ 242). In response, K.S. argued the evidence did not establish that she touched the victims for the purpose of sexual arousal or gratification. Further, battery was not a lesser included offense of sexual battery, and as an uncharged offense, was not a viable alternative for the court. The People countered that the juvenile court could use its "vast latitude" to act within the minor's best interest and "amend the 243.4 to a 242." The juvenile court reserved its ruling pending its determination of whether simple battery (§ 242) was a lesser included offense of sexual battery (§ 243.4) and invited the parties to submit briefing on the issue.

2

K.S. filed a brief arguing she had no notice of a possible simple battery allegation, and that simple battery was not a lesser included offense of sexual battery because they had different intent requirements. Accordingly, K.S. reasoned any true findings on a charge of simple battery would violate her right to due process.

On September 10, 2024, the juvenile court determined simply battery was a lesser included offense of sexual battery and could be considered by the court. The court then found beyond a reasonable doubt that K.S. committed simple batteries against L.O. and J.M. The court found the People had not met their burden as to the allegations pertaining to D.A. and A.G.

At the disposition hearing that followed, the juvenile court adjudged the minor a ward of the court and placed her on probation under specified terms and conditions. The minor timely appealed.

## DISCUSSION

K.S. complains the juvenile court committed an error of law when it determined that simple battery (§ 242) was a lesser included offense of misdemeanor sexual battery (§ 243.4, subd. (e)(1)). Further, she contends this error violated her right to due process because the allegations in the wardship petition did not include simple assault. Accordingly, she requests we strike the juvenile court's determination that she committed two simple assaults. We are not persuaded.

" '[Due] process requires that a minor, like an adult, have adequate notice of the charge so that he may intelligently prepare his defense.' " (*In re Robert G.* (1982) 31 Cal.3d 437, 442.) Nonetheless, the requirement for notice and due process is complied with if the minor is found to have committed a lesser included offense. (*Id.* at pp. 442-443.)

"Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the

3

accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser." (*People v. Birks* (1998) 19 Cal.4th 108, 117; accord *People v. Shockley* (2013) 58 Cal.4th 400, 404 (*Shockley*).) Here, we employ the elements test because the minor's accusatory pleading tracked the statutory language without including additional factual allegations. (*Shockley*, at p. 404.)

Section 242 defines a battery as "any willful and unlawful use of force or violence upon the person of another." It is well established that " 'the least touching' " may constitute a battery and that any use of force against a person in enough. (*Shockley*, *supra*, 58 Cal.4th at p. 404.) Further, a touching is unlawful if it is "harmful or offensive." (*Ibid*.)

Section 243.4, subdivision (e)(1) states that a person is guilty of sexual battery if that person "touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse. . . ."

Without analysis, at least two courts of appeal have determined that simple battery (§ 242) is a lesser included offense of sexual battery (§ 243.4). (*In re Keith T.* (1984) 156 Cal.App.3d 983, 988 ["Battery is a necessarily included offense to the offense with which the minor was charged, i.e., Penal Code section 243.4, sexual battery"]; *People v. Yonko* (1987) 196 Cal.App.3d 1005, 1009-1010, [reducing sexual battery offense to lesser included offense of simple battery where evidence was insufficient to sustain the greater offense].) We concur. The elements required to establish misdemeanor sexual battery necessarily include the elements to establish simple battery.

The minor contends, without citation to authority, that simple battery cannot be a lesser included offense of sexual battery because sexual battery is a specific intent crime, while simple battery is a general intent crime. Although specific intent crimes generally cannot be lesser included offenses of general intent crimes (*In re Alberto S.* (1991) 226 Cal.App.3d 1459, 1464), the converse is not true. (See, e.g., *People v. Miranda*

4

(2021) 62 Cal.App.5th 162, 167, 172-174, review granted June 16, 2021, S268384 [simple battery is a lesser included offense of oral copulation of an unconscious person, rape of an unconscious person, and sexual penetration of an unconscious person].) Simple battery (§ 242) requires an intentional touching. (CALCRIM No. 960.) Misdemeanor sexual battery (§ 243.4, subd. (e)(1)) requires an intentional touching "for the specific purpose of sexual arousal, sexual gratification, or sexual abuse." (CALCRIM No. 938.) Thus, the intent required to commit simple battery is included in the elements necessary to establish misdemeanor sexual battery.

The minor nonetheless argues that simple battery (§ 242) cannot be a lesser included offense of misdemeanor sexual battery (§ 243.4, subd. (e)(1)) relying on *Shockley*, *supra*, 58 Cal.4th at pages 405-406. In *Shockley*, the California Supreme court decided whether the trial court erred in failing to instruct on simple battery (§ 242) as a lesser and necessarily included offense of lewd conduct with a child under 14 years old (§ 288, subd. (a)). (*Shockley*, at pp. 402-403.) Rather than deciding whether lewd conduct was always harmful and offensive for purposes of simple battery (*id.* at p. 405), the court concluded, "when the elements of two offenses are essentially identical, as when guilt of battery would be predicated on being guilty of lewd conduct, neither is a lesser and included offense of the other." (*Id.* at p. 406.)

Further, the court refused to find simple battery a lesser included offense of a section 288, subdivision (a) charge when not premised upon lewd conduct. (*Shockley*, *supra*, 58 Cal.4th at p. 406.) Reasoning that a defendant must be provided fair notice of the charges in order to prepare a defense and that a lack of lewd intent would be a complete defense to a section 288 charge, the court stated, "Charging only lewd conduct would not provide the defendant with notice of the need to defend additionally against a battery charge based on an offensive touching not included within the elements of lewd conduct." (*Ibid.*)

5

This language does not prohibit a determination that simple battery is a lesser included offense of misdemeanor sexual battery. In *Shockley*, the court observed that " 'any touching of a child under the age of 14' " constitute[d] lewd conduct " 'even if the touching is outwardly innocuous and inoffensive' " providing it was " 'accompanied by the *intent* to arouse or gratify the sexual desires of either the perpetrator or the victim.' " (*Shockley*, *supra*, 58 Cal.4th at p. 404.) Thus, the defendant only had notice to defend against "lewd conduct," which was done by establishing the defendant lacked the requisite specific intent. (*Id*. at p. 406.) In contrast, the elements of simple battery are necessarily included in the elements of misdemeanor sexual battery. Here, the intentional touching of another person against the will of that person (§ 243.4, subd. (e)(1)) establishes a willful and harmful or offensive touching for purposes of simple battery (§ 242). (*Shockley*, at p. 404.) Unlike *Shockley*, the forbidden touching does not rely upon the mental state of the defendant.

## DISPOSITION

The judgment is affirmed.


               /s/
             HULL, Acting P. J.



We concur:



/s/
ROBIE, J.



/s/
MESIWALA, J.

6